Dukes v. State of Florida—Syllabus.

L. R. DUKES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 28, 1921.

## HABEAS CORPUS—NOT DESIGNED TO TAKE THE PLACE OF A WRIT OF ERROR.

1. Habeas corpus is not designed to take the place of a writ of error. It is not the function of this writ to bring in review any irregularity, or mere error of procedure committed by a judicial tribunal having jurisdiction of the cause and the person, and under whose final judgment a party claiming to be unlawfully restrained of his liberty may be held.

2. Habeas corpus is not a remedy for relief against indictments charging criminal offenses defectively or inartificially, though it is a remedy where an indictment charges as an offense an act that, at the time of its commission, the law did not make criminal. In the former case the detention of the accused is not without jurisdiction, while in the latter, it is held to be without jurisdiction to arrest, try or punish a person for an act that is not made penal by any law.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*D. M. Gornto,* for Plaintiff in Error.

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

TAYLOR, J.—In the Criminal Court of Record for the County of Duval, the plaintiff in error was tried,

convicted and sentenced upon the following information (Omitting its formal parts.) :

"That L. R. Dukes and Orville Warmock of the County of Duval and State of Florida, on the 9th day of July, in the year of our Lord one thousand nine hundred and twenty, in the County and State aforesaid, one lot of paper bills of the value of $7,500.00 of the money and currency of the United States, a more particular description of which said lot of paper bills is to your informant unknown of the money, property, goods and chattels of the American Railway Express Company, a corporation, before that feloniously embezzled, did, feloniously have, receive, buy and aid in the concealment of, they, the said L. R. Dukes and Orville Warmock, then and there well knowing that said money, property, goods and chattels had before that been embezzled, contrary to the form of the statute in such case made and provided," etc.

After his conviction and sentence the said plaintiff in error filed his petition before the Circuit Court of Duval County for a writ of *habeas corpus* alleging that he was illegally held in custody and illegally deprived of his liberty upon the conviction aforesaid because the information upon which he was so tried and convicted does not charge any crime known to the laws of Florida, and that, therefore, he has not been convicted of any crime known to and punished by the laws of said State. That said information is defective to charge the crime of knowingly and feloniously receiving and concealing embezzled property, in that it fails to charge that the money charged to have been feloniously and knowingly received and concealed by the defendant was, at the time of its alleged receipt and concealment by him, embezzled money and that he knew it was then and there embezzled money.

The Circuit Judge on the hearing of the *habeas corpus* proceeding refused to discharge the prisoner, but remanded him to the custody of the sheriff. The petitioner brings this judgment here for review by writ of error.

There was no error in the Circuit Judge's refusal to discharge the petitioner plaintiff in error on the writ of *habeas corpus.*

*Habeas corpus* is not designed to take the place of a writ of error. In other words, it is not the function of this writ to bring in review any irregularity, or mere error of procedure committed by a judicial tribunal having jurisdiction of the cause and the person, and under whose final judgment a party claiming to be unlawfully restrained of his liberty may be held. *Ex parte* Bowen, 25 Fla. 214, 6 South. Rep. 65.

In the case last cited the petitioner had been tried and convicted, and took writ of error directly to review the judgment or sentence of conviction, and such conviction and sentence was held on such writ of error to be erroneous and the plaintiff in error was ordered to be discharged from custody, whereas in his *habeas corpus* proceeding his application for discharge was refused. Bowen v. State, 25 Fla. 645, 6 South. Rep. 459.

*Habeas corpus* is not a remedy for relief against indictments charging criminal offenses defectively or inartificially, though it seems to be a remedy where an indictment charges as an offense an act that, at the time of its commission, the law did not make criminal. In the former case the detention of the accused is not without jurisdiction, though in the latter it is held to be without jurisdiction to try and punish a person for an act that is not made penal by any law. *Ex parte* Prince, 27 Fla. 196, 9 South. Rep. 659.

In the case of *ex parte* Bailey, 39 Fla. 734, 23 South. Rep. 552, the petitioner was arrested on an affidavit and warrant charging him with an act to which no criminality was attached by any law, and in that case he was discharged on writ of *habeas corpus,* the court holding that the petitioner had been charged with, arrested for, and held to answer for an inoffensive act, that violates no law, and for which no court has jurisdiction to try him or to punish him, and he was discharged on writ of *habeas corpus.* Randall v. Tillis, 43 Fla. 43, 29 South. Rep. 540; In *re* Robinson, 73 Fla. 1068, 75 South. Rep. 604; Griswold v. State, 77 Fla. 505, 82 South. Rep. 44.

In the case under consideration the acts attempted to be charged constitute a well known crime denounced by our statute, viz.: "Receiving and aiding in the concealment of embezzled property knowing it to have been embezzled," and the Criminal Court of Record of Duval County had jurisdiction to try and punish a party for such offense. Without expressing any opinion herein as to the legal sufficiency of the information to charge the offense aimed at therein, if it was defective or inartificially drawn or worded, on a motion to quash, or its equivalent, a demurrer, the Criminal Court of Record had full jurisdiction and authority to adjudicate the question of its sufficiency, or to order the quashing thereof and the filing of a new or amended information. But the proper procedure to review these questions is by writ of error from the judgment of conviction and not by writ of *habeas corpus.* It follows that the judgment of the Circuit Court involved herein must be and is hereby affirmed at the cost of the plaintiff in error.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.