MARCUS SALLAS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion filed September 25, 1929.

*Edgar W. Waybright,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *J. Turner Butler,* for the State.

PER CURIAM.—Marcus Sallas, the plaintiff in error, was tried in the Criminal Court of Record of Duval County on an information charging him and Earl Holt with inflicting mortal wounds on the body of David Hamilton Butler by striking him when driving a certain automobile in a careless, reckless, culpably negligent manner, from which mortal wounds the said David Hamilton Butler did die. At the close of the testimony there was an instructed verdict for Earl Holt and a mistrial as to Marcus Sallas. In a second trial the jury returned a verdict of manslaughter against Marcus Sallas and a sentence of five years in the State Penitentiary at hard labor was imposed. A new trial was denied and writ of error was taken to the judgment.

There was a motion to quash and a demurrer to the information which were seasonably made and overruled. Both the motion to quash and the demurrer are predicated on the alleged failure of the information to charge that the manner of operating the automobile was unlawful or that such operation was the proximate cause of the homicide. The information may not comply with the strict rules of pleading as that term is generally understood, but under the law of this State any information or indictment which charges the crime substantially in the language of the statute prohibiting it or so that the defendant is fully apprised of the charge against him is sufficient. Sections 6063 and 6064, Rev. Gen. Stats. of Fla. 1920. (Sections 8368 and 8369, Comp. Gen. Laws of 1927), Pell v. State, — Fla. —, 122 So. R. 110. The rules governing criminal pleading in this State are broad and liberal. We have weighed the informa-

tion in the light of these rules and declare it immune to the assault made on it.

Other assignments necessary to be considered are predicated on the refusal of the trial court to give certain instructions requested by plaintiff in error and his order overruling the motion for a new trial.

We think the general charge presented fairly and clearly the law of the case and fail to see that any right of the defendant was prejudiced by the refusal of the trial court to give the requested charges. The unfortunate accident upon which this prosecution is grounded occurred about 6 o'clock P. M., July 16, 1926, on Atlantic Beach at or near the point where it connects with Jacksonville Beach in Duval county. This Court takes judicial cognizance of the provisions of Chapter 10486, Acts of 1925, Laws of Florida, making Atlantic and Jacksonville Beaches public highways and all the provisions of law relating to public highways applicable thereto. The law of this State makes it unlawful to operate a motor vehicle upon any highway in a reckless manner or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger the property, life or limb of any person.

The record here discloses that the beach extends many miles along the Atlantic Ocean, is generally from two to four hundred feet wide and at places even wider, that numerous cottages are located along its edge which are occupied by the owners and tenants during the summer or bathing season, that a great many people, men, women and children, frequent these beaches for bathing and recreation purposes other than those who live there occupying their cottages, that there were people bathing and using the beach for other lawful purposes at the time the accident brought in question took place, that there was no obstruc-

tion whatever to the vista either way on the beach, and that the plaintiff in error was driving forty or fifty miles per hour at the time the accident took place. Many witnesses introduced in his behalf testified that forty or fifty miles per hour was not an unusual speed for motorists to traverse the beach.

The fact that Atlantic and Jacksonville Beaches have been made public highways by legislative enactment in no way modifies or restricts the use and right of the pedestrian public in the use of them for lawful purposes and we think that right equal to if not superior to that of the motorist. Bathing and recreation constitute the primary use of most of our beaches. It is common knowledge that during the summer season men, women and children by the thousands flock to Atlantic and Jacksonville Beaches for this purpose. At such times one traversing them at forty or fifty miles per hour does so at his peril and without ''regard to the width, traffic and use of the highway, or so as to endanger the property or life or limb of any person.'' Over a public playground such as the *locus in quo* and that in use no one is warranted in operating his automobile at a rate of speed that it could not be brought to a dead stop on a very brief notice or instantly on the apprehension of danger. Failure to observe this rule is culpable negligence. In the instant case the plaintiff in error wrecked his car and did all he could to avoid the accident after he saw the victim, but at that very time he was making forty or fifty miles per hour over an unobstructed beach four hundred feet wide and did not see the victim till within a few feet of him. To denominate such conduct as criminal carelessness is putting it mildly.

We think the verdict and judgment below are supported by the record and that they must be and are hereby affirmed.

468

Affirmed.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.