JIM AMOS, *Petitioner*, v. L. F. CHAPMAN, Superintendent State Prison, *Respondent.*

146. So. 98.

Opinion filed February 21, 1933.

*Parks M. Carmichael* and *Joe C. Jenkins,* for Petitioner.

· *Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for Respondent

BUFORD, J.—In this case the writer issued a writ of habeas corpus returnable before himself as a Justice of the Supreme Court of Florida.

Petitioner contends that he is unlawfully restrained of his liberty by being detained in the Florida State Prison

under a sentence of the Circuit Court upon a conviction of the offense denounced by Section 5055 R. G. S., 7157 C. G. L., as amended by Chapter 13729, Acts of 1929. The point of contention is that the indictment fails to allege the ownership of the property involved or that the identity of the owner was to the grand jury unknown.

The charge is in language fully equivalent to the language of the statute.

We held in the case of Pippin v. State, 102 Fla. 1124, 136 Sou. 883, that indictments attempting to charge the offense denounced by this section should allege the ownership of the property involved or that the identity of the ownership is unknown. We there held that motion to quash an indictment so defective should prevail and reversed the judgment in that case on that ground. We did not hold that the indictment wholly failed to charge an offense. The charge made in this indictment was entirely adequate to advise the defendant of the particular act for which he was being prosecuted and to protect him from a subsequent prosecution for the same act after conviction or acquittal.

In Clifton v. State, 76 Fla. 244, 79 Sou. 707, this Court said:

"A motion in arrest of judgment reached only such errors as appear upon the record and when addressed to the indictment or information is effective only when they wholly fail to charge any offense or their allegations are so vague and uncertain as to embarrass the defendant in the preparation of his defense or expose him after acquittal or conviction to substantial danger of another prosecution for the same offense."

The same rule applies to petition for habeas corpus.

We have repeatedly held that where an indictment or information does not wholly fail to state an offense under a valid statute habeas corpus is not available. Johnson

v. State, 81 Fla. 783, 88 Sou. 474; Foxworth v. Law, 77 Fla. 596, 82 Sou. 55; Crooke v. Van Pelt, 76 Fla. 20, 79 Sou. 166; Spooner v. Curtis, 85 Fla. 408, 96 Sou. 836.

While we would hold that the indictment in this case should have been quashed on motion duly presented, we hold that the defect is one which could be cured by verdict based upon proper testimony admitted without objection. If the infirmity was not cured by verdict based upon such evidence the proper method of presenting such questions for determination by this Court is by writ of error.

For the reasons stated, the writ of habeas corpus will be quashed and the petitioner remanded to the custody of the respondent to be dealt with according to law.

RIVERS BUFORD,
*Justice, Supreme Court of Florida.*