STATE, ex rel., v. NATHAN MAYO, et al.

149 So. 661.
Division B.
Opinion Filed July 28, 1933.

*R. B. Moseley,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—Writ of habeas corpus was issued by a Justice of this Court directed to Nathan Mayo as State Prison Custodian and L. F. Chapman as State Prison Superintendent to test the validity of the incarceration of one Johnnie Taylor alias Eddie Kirkley.

The return of the Respondents shows that the Petitioner is held in custody under a commitment issuing out of the Criminal Court of Record of Hillsborough County, Florida, and under which the Petitioner was committed to the State Prison to serve a period of ten years therein on conviction

under an information charging him with the crime of robbery, such commitment being dated the 13th day of March, 1930, and also that the Petitioner is held under another commitment issued by the same court on the same day upon conviction under an information charging the receiving of stolen goods or property, for which offense he was sentenced to serve a period of two years and six months, that sentence to run concurrently with the sentence above referred to. The latter sentence expired by the petitioner being in custody and the running of time on the 13th day of September, 1932, so that commitment is not involved here.

The Petitioner contends that the information under which he was convicted and is now held was void for the reason that it charged no offense against the law of the State of Florida and contends further that there was no judgment of conviction upon which the sentence could be imposed.

As the first question presented, we hold that the information is sufficient against an attack in habeas corpus proceedings under authority of the opinion and judgment in the case of Amos v. Chapman, which was filed in this Court on February 21, 1933, and is reported in 146 Sou. 98.

As to the second question presented, we hold that the judgment and sentence was sufficient as against an attack by writ of habeas corpus under authority of the opinion and judgment in the case of Anderson v. Chapman, filed in this Court March 13, 1933, and reported 146 Sou. 675.

Therefore, the motion for discharge of the Petitioner is denied and Petitioner is remanded to the custody of the Respondents to be dealt with according to law.

It is so ordered.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.