LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE
v. ROBERT L. GRESHAM, SR.

168 So. 812.
Division A.
Opinion Filed May 15, 1936.
Opinion on Rehearing Filed July 21, 1936.

*Forsyth Caro,* for Appellant.
*Coe & McLane,* for Appellee.

PER CURIAM.—This cause having heretofore been. submitted to the Court upon the transcript of the record of the decree herein, and briefs of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and decreed by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

## ON PETITION FOR REHEARING

DAVIS, J.—Appellee, Robert L. Gresham, Sr., was the father of Robert L. Gresham, Jr., upon whose life he took

out a valid endowment policy when the child·was one year old. The original policy was kept in force for about six years. Thereafter the old policy was surrendered and a new one issued in its place, under circumstances indicating a mutual understanding on the part of the beneficiary in the policy and the insurance agent that the new policy, when issued, was to be a valid and enforceable policy as of the date of delivery and at all times subsequent. A year or so later the child whose life was intended to be insured, died. The new policy contained a provision making such policy unenforceable for death within two years after its date if prior to its issuance the insured had been attended by a physician for any serious disease or complaint.

At the time the new policy was issued and the old one was surrendered in consideration thereof, the insurance agent informed the beneficiary prior to the closing of the transaction, and as an incident to the act of issuing the new policy, that the child was insurable, notwithstanding specific information theretofore given by the child's father to the agent before the old policy was surrendered and cancelled that the child insured had been attended and operated on by a physician for a serious disease, and that the father only wanted to change the existing policy provided that in so doing the new policy would not be avoided by the child's illness and treatment that would not have had any effect insofar as the surrendered policy was concerned.

In a suit to rescind the mutually agreed cancellation of the old policy, and to have it reinstated and specifically enforced in equity, the issuance of the new policy to the contrary notwithstanding, because the new policy by its terms was never, from its inception, an enforceable insurance contract, the court below entered a decree for complainant under the established facts hereinbefore related.

On appeal Division A of this Court affirmed that decree without opinion, but principally on the authority of what was held in Eagle Fire Co. v. Lewellen, 56 Fla. 246, 47 Sou. Rep. 947; Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 Sou. Rep. 838, and kindred cases.

The petition for rehearing suggests that in affirming the decree this court overlooked the fact that the father, as a matter of law, was chargeable with knowledge of the restrictions and limitations of the substituted contract of insurance and that having retained the new contract without objection for more than one year after it was delivered to him in consideration of the surrender of the old policy, that he cannot equitably have rescission of that policy by seeking to reinstate, sue upon, and specifically enforce the old policy which has been by the new contract superseded and destroyed.

That the new policy, in view of its provisions and the existing facts concerning the heatlh of Robert L. Gresham, Jr., at the time that policy was delivered was never an enforceable insurance contract during the ensuing two-year contestable period cannot be denied as a matter of law. Indeed the insurance company itself so contends and defends itself on that very ground. The insured child died during the period the policy was contestable. So the transaction actually consummated, if the insurance company's view of the law and the facts of this case is correct, is one wherein the insurance company has delivered to the child's father a contestable and void policy in exchange for one that was six years old and perfectly valid and enforceable had it been retained and no exchange of policies effectuated.

We construe the consideration for the transaction involved in this controversy to have been the *mutual* under-

standing between *both* parties that a valid noncontestable new policy was to be given to the beneficiary in exchange for a valid non-contestable old one that was to be surrendered and cancelled in consideration of the new policy to be tendered in exchange. As we have seen, the new policy was contestable from its delivery and remained so until the insured child's death prior to the time the new policy became uncontestable.

Such a case is a classic one illustrating a proper application of the equitable doctrine of right of rescission that exists where a party to a mutual contract, after fully executing his side of such mutual undertaking, finds that his consideration therefor has failed because of nonfulfillment of the mutual bargain by the opposite party, in consequence of which he resorts to equity to be placed in *status quo*.

The mutual, unexecuted undertakings of an existing contract are a sufficient consideration for the cancellation of such contract and the consideration of a new one with different terms. But if the new contract be ineffective, the consideration for it fails and in appropriate cases a bill in equity lies to reinstate the former status of the parties. And, as an incident to such reinstatement, specific performance of the original reinstated agreement may be had as an incidental remedy. Such is the case at bar.

A rehearing should be denied and it is so ordered.

WHITFIELD, C. J., and BROWN and BUFORD, J. J., concur.