Charles Glidden v. Honorable Nathan Mayo, as Custodian of State Prison.

174 So. 410.
Division A.
Opinion Filed May 19, 1937.

*Martin & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Respondent.

Buford, J.—This is an original proceeding in habeas corpus.

The petitioner was informed against by the State's Attorney of the Seventh Judicial Circuit of Florida in and for Putnam County, on May 8th, 1936, in an information charging petitioner with the crime of robbery in that he did "steal and take from the person of Earl Gunther money and other property, to-wit a wrist watch, all of which may be the subject of larceny, such robbers (naming them) being armed with a dangerous weapon, to-wit a sawed-off shot-

gun, with intent, if resisted, to kill or maim the person robbed, to-wit Earl Gunther, contrary to the form of the statutes," etc.

· The second count of the information charged a certain one of the defendants named in the first count as principal in the first degree and the other named defendants as principals in the second degree with the commission of the robbery in like language as that used in the first count.

On October 16th, 1936, petitioner was arraigned on the information and entered his plea of not guilty. Thereupon the defendant was tried, convicted and sentenced.

Petitioner contends that he is entitled to his discharge in habeas corpus proceedings; that Chapter 17172, Acts of 1935, is unconstitutional and void because of being in conflict with amended Section 10 of the Declaration of Rights of the Constitution of the State of Florida which became effective December 31, 1934. We find nothing in the Act in conflict with the provisions of the named section of the Constitution. That section of the Constitution authorizes the Judge of a Circuit Court to make an order dispensing with the summoning and empaneling of a grand jury for any regular or special term of the court; it in nowise limits the constitutional authority of a state's attorney to file informations, but specifically provides:

"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep

in time of peace. Any person under such information, presentment or indictment for any felony not capital may be arraigned and may enter a plea in term time or in vacation, and the judgment and sentence of the court on a plea of guilty may be made and entered either in term time or in vacation."

Petitioner further contends, that he is entitled to discharge in this proceeding because the information failed to allege the name of the owner of the property alleged to have been the subject of the robbery and failed to allege the value of the property. He relies upon the opinion and judgment in that case because in that case the sufficiency of the indictment was tested on review to this court on writ of error.

In Stephens v. State of Florida, 92 Fla. 43, 109 Sou. 303, we held: "the gist of the offense under the statute is the felonious taking by the accused, being at the time armed with a dangerous weapon, of money or property from the person of another by violence or putting in fear."

We also said: "The crime is not graded by the value of the article taken and hence it is held to be immaterial to prove the value of the same as alleged."

In Crook v. Van Pelt, 76 Fla. 20, 79 Sou. 166, it was held: "Where *habeas corpus* is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the statute under which the charge is made is invalid or that the charge as made is not merely defective in its allegations, but that it wholly fails to state an offense under the law.

The writ of *habeas corpus* cannot be used as a substitute for a motion to quash or a writ of error or an appeal."

See also *Ex Parte* Amos, 93 Fla. 5, 112 Sou. 289, and Jim Amos v. Chapman, 108 Fla. 360, 146 Sou. 98, in which

240

we held: "Indictment for robbery by person armed *held* sufficient, in habeas corpus proceedings, after conviction, notwithstanding omission to allege ownership of property involved (Comp. Gen. Laws 1927, Sec. 7157, as amended by Acts 1929, c. 13792, Sec. 1)."

The writ of habeas corpus is quashed and the petitioner is remanded to the custody of the respondent.

ELLIS, C. J., and TERRELL, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.