ROY OVERSTREET v. STATE.

184 So. 485.

Division A.

Opinion Filed October 31, 1938.

716

*Larkin & Larkin,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—In original habeas corpus proceedings, filed subsequent to conviction and judgment, petitioner contends that the information charges no offense of which the Circuit Court has jurisdiction.

The charge in the information is:

"That ROY OVERSTREET of the County of Pasco and State of Florida, on the 15th day of April in the year of our Lord, one thousand nine hundred thirty-six, in the County and State aforesaid, did then and there sell five gallons of in-toxicating spirituous liquor commonly called 'Moonshine,' which said liquor contained more than fourteen percent of alcohol by weight and was then and there contained in one five gallon demijohn, on which said liquor no state excise tax had been paid and which said five gallon demijohn did not have affixed to it a stamp evidencing the payment of a State excise tax on said liquor, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

Paragraph (d) of Section 9 of Chapter 16774, Acts of 1935, provides in part:

"(d) As to beverages containing 14 per cent or more of alcohol by weight, except wines, there shall be paid by all

manufacturers and distributors a tax at the rate of 80 cents per gallon if sold for re-sale or consumption within the State and if sold for re-sale and consumption without the State a tax at the rate of one-half per cent per one-half pint or fraction thereof, said tax in either event to be evidenced by stamps as hereinafter provided.

"The stamps herein provided for shall be sold by the Director to distributors who are licensed in this State and who have furnished the bond required herein, and to none else, except as hereinafter provided. Said stamps shall be affixed to the bottles or immediate containers in which such beverages are sold and shall be affixed before such beverages are sold by any distributor."

Paragraph (a) of Section 11 of the Act, *supra,* provides:

"It shall be unlawful for any person to sell within this State any beverages on which stamps are required unless the bottle or other immediate container in which said beverage is contained shall have affixed to it the stamps hereby required."

Section 15 of the Act, *supra,* provides in part:

"Any person willfully and knowingly making any false entries in any records required under this Act or willfully violating any of the provisions of this Act concerning the excise tax herein provided for shall be guilty of a felony and shall upon conviction thereof be punished by imprisonment in the State Penitentiary for a term of not less than one year nor more than five years or by fine of not more than $5,000.00, or by both such fine and imprisonment."

The contention is that because the information does not charge that the accused did *"willfully"* do the act complained of it wholly fails to charge a felony.

It will be observed that paragraph (d) of Section 9 of the Act requires the stamps, the evidence of the payment of the

excise tax, to be affixed to the bottles or immediate containers in which beverages to which the tax applies are sold.

Paragraph (a) of Section 11 provides that it shall be unlawful for any person to sell within the State any beverage on which stamps are required unless the bottle or other immediate container in which said·beverage is contained, shall have affixed to it the stamps required by the Act.

The Information charges in detail the offense thus defined by the statute and avers that the act was done "contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida."

Section 15 provides punishment and in that regard provides that any person willfully violating any of the provisions of the Act concerning the excise tax therein provided for shall be guilty of a felony. No other penalty is provided for the violation of paragraph (a) of Section 11.

It, therefore, follows that the allegations of the Information were entirely sufficient to advise the accused of the nature and cause of the accusation against him and not wholly fail to charge a violation of the statutory criminal law in this regard. The information charges that the acts were done contrary to the statutes in such case made and provided.

In Lake v. State, 100 Fla. 370, 129 Sou. 832, we held: "A motion to quash goes to matter on the face of the indictment. Before it will be granted it must be shown that its subject matter is so devoid of merit that no judgment can be given upon it or that it is so vague and indefinite as to mislead or embarrass the accused in his defense or that it will subject him to a new prosecution for the same offense. Wolf v. State, 72 Fla. 572, 73 So. R. 740; Clark v. State, 68 Fla. 433, 67 So. Re 135; Section 6064 Rev. Gen. Stats. of 1920 (Section 8359 Comp. Gen. Laws of 1927). See

also Sallas v. State, 98 Fla. 464, 124 Sou. 27; Bryant v. State, 89 Fla. 26, 103 Sou. 170; Cox v. State, 89 Fla. 29, 103 Sou. 171.

If the infirmity complained of was of any consequence it was one which should have been taken advantage of by motion to quash the information. Whether it was such or not is not necessary for us to here determine because the rule in habeas corpus proceedings is that unless the information is so defective as to wholly fail to charge an offense such infirmities as may exist therein will not warrant the discharge of the petitioner.

For the reasons stated, the motion to quash the writ is granted and the petitioner is remanded to the custody of the respondent.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.