TOM DYKES v. L. F. CHAPMAN, as Superintendent, State Prison.

189 So. 28
Division A.
Opinion Filed May 19, 1939.

*W. W. Vars,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Writ of error brings review judgment in habeas corpus proceedings remanding petitioner to the custody of respondent.

Plaintiff in error propounds three questions, as follows:

"Question No. 1: Did the Bill of Indictment returned against the Plaintiff in Error, properly charge the offense of *PERJURY* and substantially within the language of the Statute, and was same sufficient to charge an offense under the laws of the State of Florida?

"Question No. 2: Does the purported Indictment returned against the Plaintiff in Error negative all of the facts which are and were material to the issue, and the purported charge of *PERJURY,* wherein it is alleged that the Plaintiff in Error did commit the crime of *PERJURY* within and before the trial Court?

"Question No. 3: Is Plaintiff in Error being deprived of his right to make application to the State Board of Pardons for Executive Clemency because of the imposition of an illegal judgment of conviction and sentence?"

The Indictment has been examined and we find that it does not entirely fail to charge the offense of Perjury.

The Writ of Habeas Corpus cannot be used as a substitute for motion to quash, nor may it be used in lieu of Writ of Error. The Statute under which the Indictment was drawn is valid. Therefore, the Indictment is sufficient to withstand attack by Habeas Corpus proceedings. Jackson v. State, 71 Fla. 342, 71 Sou. 332; *In re:* Robinson, 73 Fla. 1068, 75 Sou. 604; Dukes v. State, 81 Fla. 247, 88 Sou. 474;

Griswold v. State, 77 Fla. 505, 82 Sou. 44; Amos v. Chapman, 108 Fla. 360, 146 Sou. 98; State *ex rel.* Claire v. Coleman, 129 Fla. 880, 177 Sou. 288; State *ex rel.* Miller v. Coleman, 130 Fla. 547, 178 Sou. 157.

We having held herein that the indictment was sufficient to withstand the attack here made, there is no showing that the judgment and sentence imposed was void. Therefore, the third question is without basis in the record.

The judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.