WILLIE BAKER v. CARLYLE HAYES, as Sheriff of Putnam County, Florida.

3 So. (2nd) 590
En Banc
Opinion filed August 2, 1941

*C. O. Wright,* for Appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for Appellee.

TERRELL, J.—Willie Baker was arrested on a war-

rant charging that he "did operate upon a hard surfaced road in Putnam County, Florida, a steel tired vehicle, same not being an ordinary farm wagon or buggy." He was arraigned without the advice of counsel; he entered a plea of guilty and sentence was imposed on him. On petition to the Circuit Court, he secured writ of habeas corpus but was remanded to the custody of the Sheriff. This appeal is from the judgment and order of remand.

It is contended that the warrant under which petitioner was convicted and sentenced is fatally defective in that (1) It did not allege that the offense was committed on a public highway, and (2) It did not allege that the vehicle described therein would do more damage than ordinary wear and tear, and (3) It did not allege the type of steel tired vehicle petitioner was operating.

The affidavit was predicated on a violation of Section 1321, Compiled General Laws of 1927, the pertinent part of which is as follows:

"It shall be unlawful to operate upon any hard surfaced road in Florida any log cart, tractor, well machine, or any steel tired vehicle other than the ordinary farm wagon or buggy, or any other vehicle or machine that is likely to damage a hard surfaced road except ordinary wear and tear on the same."

Considered in the light of this statute, we think the affidavit was fatally defective for loose indefinite statement of the charge against the petitioner and for failure to sufficiently describe the vehicle. Unquestionably it should allege the type of vehicle that was being operated in specific terms and that the operation of such a vehicle would cause an injury greater than ordinary wear and tear to a public highway in Putnam

86

County. As constructed, he might have been convicted of operating a wheel barrow or go cart.

In brief of appellant, it is alleged that Willie Baker was a Georgia negro and when he was arrested, was on the way to spend the weekend with his wife who was working in Palatka, Florida. He was driving a T. Model Ford "which had seen better days", had a flat tire and was attempting to get to a repair shop.

The record does not affirm or deny this statement of fact but it serves to exemplify the reason for a better affidavit. If he was driving a T. Model Ford that had seen better days, he was not driving such a vehicle as the statute condemns, neither was he driving a vehicle that would cause more damage than ordinary wear and tear. If this statement of fact is true, the arresting officer was guilty of a gross perversion of the processes of the law.

The Judgment is reversed and the petitioner is ordered discharged.

WHITFIELD, BUFORD, CHAPMAN, J. J., concur.

BROWN, C. J., concurs in conclusion.

THOMAS and ADAMS, J. J., dissent.