## WILLIAM CLAUDE WILLIAMSON v. STATE OF FLORIDA

20 So. (2nd) 482                                          January Term, 1945
January 23, 1945                                                    Division A

Cecil A. Rountree and E. C. Boswell, for appellant.

J. Tom Watson, Attorney General, and John C. Wynn, Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant, having been brought on for trial under an indictment charging that William Claud Williamson on the 5th day of June, 1943, in the County and State aforesaid, while operating a motor vehicle on a public thoroughfare, to-wit: State Road No. 39, did unlawfully through the means of such motor vehicle, inflict injury and damage to the person of Delmar Corbitt, and did leave the scene of such accident without stopping his said motor vehicle and rendering all possible assistance to help the said Delmar Corbitt, and without making known to the persons present at the scene of said accident, his full, true and correct name and address," was found guilty as charged and was adjudged guilty and sentenced to pay a fine of $400.00 and in default thereof to be confined in county jail for a period of twelve months.

Motion for new trial presenting five grounds, as follows:

"1. The verdict returned against him is contrary to law.

"2. The said verdict is contrary to the weight of the evidence.

"3. The indictment on which the defendant was tried charges no offenses known to the law of the State of Florida.

"4. Said indictment charges no single offense known to the law of the State of Florida, but said indictment charges two distinct offenses for which different punishments are provided.

"5. The allegation in said indictment that the injury referred to therein was unlawfully inflicted by the defendant as charged in the indictment and the evidence offered in support of said allegation on the trial were and are so prejudicial to defendant as to violate his legal and constitutional rights.", was filed and denied. Notice of appeal brings for review the record of the proceedings and judgment.

Appellant presents questions to be considered by us as follows:

"1. Is the indictment (transcript page 2) duplicitious?

"2. Does the indictment charge the defendant with two separate offenses, viz: 'Hit and run driving' and 'assault and battery'?

"3. Was a substantial right of the defendant jeopardized by the charges in the indictment against the defendant, namely: that he 'Did unlawfully through the means of such motor vehicle inflict injury and damage to the person of Delmar Corbitt,' and that he 'Did leave the scene of such accident without stopping his said motor vehicle and rendering all possible assistance to help Delmar Corbitt, and without making known to the persons present at the scene of the accident his full, true and correct name and address'?

"4. Can the defendant avail himself of his right to be tried upon a single charge by motion in arrest of judgment and for a new trial?

"5. Does the pronouncement of the judgment by the Court in the following language:

" 'You William Claude Williamson having been convicted by a jury of the crime of hit and run driving, the Court adjudges you to be guilty (Transcript page 8) cure the defect of duplicitiousness in the indictment?"

While the indictment is not a model which we would recommend, it is not duplicitous and it does not fail to charge

the offenses denounced by Sections 317.07 and 317.09 Florida Statutes 1941 (same F.S.A.) These two sections must be read together as defining the offense contemplated, the same as if all the language appeared in one section and when so construed we reach the conclusion stated, supra.

The sufficiency of the evidence to establish the charge or to support the verdict and judgment has not been challenged by grounds for new trial, by grounds for appeal, or by assignments of error, and therefore, we refrain from any expression in this regard.

It is contended that the word "unlawfully" as used in the indictment was prejudicial to the accused in that because of its inclusion the State was permitted to offer evidence that otherwise would have been inadmissible. We are not required to answer this challenge further than to say that no objection was interposed to the indictment until after trial and verdict and such objection came too late when it appeared that the indictment did not wholly fail to charge an offense and that the indictment in one count did not charge more than one offense.

Judgment affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.