81 So.2d 739 (1955)
Nesby Lawrence GIBBS, Petitioner,
v.
Nathan MAYO, as Prison Custodian of the State of Florida, Respondent.
Supreme Court of Florida. En Banc.
July 20, 1955.
Nesby Lawrence Gibbs, petitioner, in proper.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
DREW, Chief Justice.
The defendant pleaded guilty to an information which charged that he did unlawfully break and enter "a motor vehicle, the property of J. Edwin Baker, located at Sears parking lot at Bay and Jackson Streets, Fort Myers, Florida, with the intent then and there to commit a felony, to-wit: Grand Larceny", whereupon the court adjudged him "to be guilty of the offense of breaking and entering a motor vehicle" and sentenced him to the State prison for a period of five years. This constitutes the entire record of proceedings in the trial court. At the instance of the petitioner, a writ of habeas corpus was issued, to which the State has filed a return.
The information charges that the defendant unlawfully did break and enter a motor vehicle but no statute in this State makes it a crime, in those words, to break and enter a motor vehicle. In Chapter 810 on burglary, breaking and entering is made a crime under various circumstances with reference to "any ship or vessel" in Section 810.02, "any railroad car" in Section 810.04, and "any building, ship, vessel, or railroad car" *740 in Section 810.05. Section 860.12 refers to breaking and entering "any automobile, truck, trailer, semitrailer, or housecar". We must determine whether the language of the information is sufficient to charge a crime under any statute of this State.
It has long been settled in this State that to charge one with an offense defined by statute, the offense must be charged "in the very language of the statute, or in language of equivalent import" and "nothing can be taken by intendment". (Italics added.) Humphreys v. State, 17 Fla. 381, 385. The accused must be "plainly and unmistakably" within a criminal statute, and all doubts are resolved in his favor. Watson v. Stone, 148 Fla. 516, 4 So.2d 700, 701. And when a word is substituted for that used in the statute, the substituted word must necessarily be within the terms of the statute in order to charge an offense. Wood v. State, 18 Fla. 967. In accordance with this rule, we have held that an indictment for the breaking and entering of a corn-crib charges no offense because a corn-crib "is not necessarily a `building, ship or vessel.'" (Emphasis supplied.) Wood v. State, supra, at page 969. And "from the allegation that the defendant misrepresented the chemical content of `10 sacks of commercial fertilizers shipped by the' defendant `to one W.R. Hardee,' it is not necessarily to be inferred that the fertilizers were in fact sold to the consignee." (Emphasis supplied.) Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. 475, 476. Nor does proof of breaking and entering a gin house sustain a charge of breaking and entering a storehouse. Givens v. State, 40 Fla. 200, 23 So. 850. Likewise, where substituted words are broader in meaning than statutory language, so that the words used may or may not constitute a crime under a statute, no offense is stated. State v. Willis, 130 Tenn. 412, 170 S.W. 1032, where there was use of the word "corporation" instead of "bank or banking institution", as required by statute; People v. Allen, 5 Denio, N.Y., 76, use of the word "agent" instead of the statutory language "clerk or servant"; Boyd v. Commonwealth, 77 Va. 52, use of the word "unlawfully" instead of the statutory language "corrupt conduct"; Lantznester v. State, 19 Tex. App. 320, use of the word "father" to negative parental consent, instead of the statutory language "parent."
Our own statutory definitions of motor vehicles vary, compare Sec. 317.01(11) with Sec. 320.01(1) F.S. 1951, F.S.A., and are of no help here. Moreover, if the Legislature intended to make it a crime to break and enter a motor vehicle, as those words are defined by one of our statutes, it would so have stated. We must resort to the ordinary definition of motor vehicle. A vehicle is "that in or on which a person or thing is or may be carried." Webster's Collegiate Dictionary, (5th ed. 1941) p. 1109. A motor vehicle is such a vehicle which is self-propelled. Under this definition undoubtedly all automobiles or trucks are motor vehicles, but it is just as clear that all motor vehicles are not automobiles or trucks. For example, farm tractors, bulldozers, motorcycles, motor scooters, electric street cars, and road rollers are within the definition of a motor vehicle. In its broadest sense, an airplane, a self-propelled boat, and even an elevator may be a motor vehicle. But clearly none of these kinds of motor vehicles, in the common usage and ordinary meaning of the words, is a vehicle within the terms of those described in our statutes and particularly not either an automobile or a truck as those words are used in Section 860.12, supra.
The State urges that Section 860.12, supra, referring to automobile, truck, trailer, semi-trailer, or housecar, is the "only applicable statute" and asserts that the information was drawn under this section so that by pleading guilty, the defendant "admitted that he broke and entered into either an automobile or a truck." We do not agree. First, as has been pointed out, the words "motor vehicle" used in the information are not the equivalent of and are not necessarily within the meaning of any of the words describing the various vehicles mentioned in this statute. Further, a plea of guilty "admits only the acts charged, and does not preclude the defendant from claiming that such facts charged do not constitute a crime." Ex parte Stirrup, 155 Fla. 173, 19 So.2d 712, *741 713; Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293, 148 A.L.R. 1240. If it be true (and nothing in the record so indicates) that the defendant broke and entered an automobile or a truck, or any other of the kinds of motor vehicles described in our statutes, it would have been a simple matter to allege that fact in the information, describing specifically which of the kinds of motor vehicles referred to in our statutes was the subject of the charge. This was not done. The presumption is one of innocence. We cannot infer from the language used that the defendant broke and entered any of the kinds of vehicles designated within the language of any one of our statutes. The words used in the information are not equivalent to the language of any statute and are not necessarily within the terms of any statute. It follows that the defendant was not charged with any offense under our laws, and therefore the petitioner may obtain relief by way of habeas corpus. Baker v. Hayes, 148 Fla. 84, 3 So.2d 590, 591; Ex parte Stirrup, supra; Sellers v. Bridges, supra.
The case of Baker v. Hayes, supra, is particularly in point. There the defendant was sentenced after he pleaded guilty to an information which charged that he did operate upon a hard-surfaced road in Putnam County "`a steel tired vehicle, same not being an ordinary farm wagon or buggy'." A statute made it unlawful upon such a road to operate "`any log cart, tractor, well machine or any steel tired vehicle other than the ordinary farm wagon or buggy, or any other vehicle or machine that is likely to damage a hard-surfaced road except ordinary wear and tear on the same.'" In habeas corpus proceedings, this court did not hesitate to discharge the petitioner, and held: "Considered in the light of this statute, we think the affidavit was fatally defective for loose indefinite statement of the charge against the petitioner and for failure to sufficiently describe the vehicle. Unquestionably it should allege the type of vehicle that was being operated in specific terms and that the operation of such a vehicle would cause an injury greater than ordinary wear and tear to a public highway in Putnam County. As constructed, he might have been convicted of operating a wheel barrow or go cart." (Emphasis supplied.)
In the instant case, as in the Baker case, the information in order to charge an offense must have alleged the type of vehicle which was the subject of the charge "in specific terms". And in the instant case, as in the Baker case, the record shows nothing adduced to establish a violation of any statute and under the information as laid and the judgment as entered the defendant might have been convicted of breaking and entering "a wheel barrow or go cart" if by chance those vehicles had been mechanized so as to be self-propelled and arranged to have an enclosure for persons or property.
For the reasons stated we think the decision in the Baker case is controlling of the main case under the general principles set forth. In reaching this result we have considered the cases cited by the State, such as Sinclair v. State, Fla. 1950, 46 So.2d 453; State ex rel. Linick v. Coleman, 144 Fla. 458, 198 So. 100; Overstreet v. State, 134 Fla. 715, 184 So. 485; Glidden v. Mayo, 128 Fla. 237, 174 So. 410; Amos v. Chapman, 108 Fla. 360, 146 So. 98; In re Robinson, 73 Fla. 1068, 75 So. 604, L.R.A. 1918B, 1148. While the issue is a narrow one we think those cases are distinguishable in their facts from the instant case. We note also that in those cases the information under attack was held to be in language equivalent to that of a relevant statute or that there was present a defect of omission of a portion of statutory language which deficiency was deemed cured by verdict after a trial.
This result makes it unnecessary to consider the contention of defendant that he entered his plea of guilty because of promises of leniency to him by the State.
The petitioner is ordered discharged.
SEBRING, THORNAL and HOBSON, JJ., concur.
TERRELL, THOMAS and ROBERTS, JJ., dissent.