TERRELL, Justice.
Appellant was indicted for murder in the perpetration or attempt to perpetrate a robbery; he entered a plea of guilty and was tried by the court without a jury. He was on January 18, 1954, convicted of murder in the first degree and sentenced to life imprisonment in the state penitentiary. No appeal was prosecuted from the conviction. October 4, 1954, petition for writ of error coram nobis was filed in Circuit Court of Dade County seeking to review and set aside the final judgment of conviction, permit petitioner to enter a plea of not guilty and to try the issues presented by a jury. A demurrer to the petition and addendum by the state was sustained and the cause was dismissed. This appeal is from the final decree. A motion to dismiss the appeal was overruled.
It was suggested that the petition be treated as a motion to set aside the judgment and sentence and permit petitioner to ■enter a plea of not guilty. We.attach.no significance to this suggestion. The petition bears all the indicia of one for writ of error coram nobis, it was so named by petitioner and was treated as such by the trial court. The first paragraph of the petition was as follows and we think concludes the point:
“I, James N. Lewis, one of the defendants, humbly petition Your Honor for a writ of Coram Nobis to recall, revoke and annul that certain judgment of conviction and sentence of life imprisonment at hard labor in the Florida State Prison, entered by Your Honor in the above styled cause on the 18th day of February, 1954, and which judgment and sentence is of record in Circuit Court Minute Book 243, at Page 109, and as reasons therefor your petitioner says: * *
It is first contended that the trial court erred in sustaining the state’s demurrer to the petition which was labeled coram nobis proceedings.
The prayer of the petition sought to recall, revoke and annul the first degree murder conviction and sentence to life imprisonment and permit a plea of not guilty to be entered and proceed with jury trial, because the petition definitely alleged that the plea of guilty was induced by fear, persuasion, promises of pardon, threats, intimidation, duress and improper influence.
Under the rule petition for writ of etior coram nobis must be filed within 90 days after rendition of the judgment attacked or good cause must be shown fot not filing it within that time. In this case, the judgment assaulted was entered January 18, 1954, from which no appeal was taken. Petition for writ of error coram nobis was not filed until October 4, -1954, more than eight months after the judgment and no cause is shown for the delay. It was accordingly too late and avails petitioner nothing. Ex parte Welles, Fla., 53 So.2d 708; Pynes v. State, Fla., 66 So.2d 277. Aside from coming toó late, it' appears "that the point raised by the petition is res judicata because on January 19, 1955, appellant filed his petition for habeas corpus-in this court (State ex rel. James N. Lewis v. Nathan Mayo) wherein he alleged the sanie grounds and relied on the same matters and points of law that are relied on in the case at bar. The order of denial in the latter case would seem to conclude the present case, since habeas corpus was available to bring the matter to the attention of the court.
It further appears from a thorough examination of the record that up to January 18, 1954, the date petitioner entered his plea of guilty, resulting in a life sentence, he had not been coerced, intimidated or otherwise influenced to do so. He had the advice of counsel who had full knowledge of the facts and evidence relied on by the state to convict petitioner. It appears that petitioner’s counsel advised and perhaps urged him to plead guilty in order to escape the electric chair. This is not of the character of coercion that would relieve from the judgment of conviction. The court was aware of this. After all is said, it conclusively appears that appellant got what he bargained for — a life sentence and has no right to complain. McKown v. State, Fla., 54 So.2d 54.
*48 The second question is whether or not the judgment against appellant is void because the trial court did not take evidence after appellant pleaded guilty for the purpose of determining the degree of homicide he was guilty of.
Section 909.11, Florida Statutes, F.S.A., is relied on to support appellant’s contention for an affirmative answer to this question. Even if testimony had been required, the necessity for it was removed by agreement of appellant and the state attorney as to the facts.
It is last contended that defendant’s conviction of murder in the first degree and sentence to life imprisonment were void because the indictment did not charge the crime of murder in the first degree.
 In our view State ex rel. James N. Lewis v. Nathan Mayo, filed in this court January 19, 1955, rendered any question as to sufficiency of the indictment res adjudicata. The petition was argued and briefed in this court, the same questions were raised and will not be further considered. Moat v. Mayo, Fla., 82 So.2d 591. Even if the indictment had been defective for failure to allege the crime of robbery, such defect can be taken advantage of only by motion to quash and any error committed assigned on appeal. Such defect would not render the indictment void or subject to collateral attack. Sinclair v. State, Fla., 46 So.2d 453; In re Robinson, 73 Fla. 1068, 75 So. 604, L.R.A. 1918B, 1148; Glidden v. Mayo, 128 Fla. 237, 174 So. 410. Appellant was represented by counsel and did not move to quash.
 In our view the indictment was ample to support the conviction of murder in the first degree. Even if deficient in material respects, it can not be assaulted in coram nobis proceedings. It is also patent that failure to move to quash and assign error on appeal, if motion denied, waived defects in the indictment.
We conclude that no reversible error is shown so the judgment appealed from must be, and is hereby, affirmed.
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.