PER CURIAM.
The appellant was informed against, tried and convicted of bribery in violation of § 838.011, Fla.Stat., F.S.A., and sentenced to two years confinement. His appeal presents the contention that the trial court erred in refusing to grant his motion for directed verdict which made known to the court that the information, after alleging the defendant bribed or offered to bribe certain public officers (deputy sheriffs of Metropolitan Dade County) to influence their acts in connection with the prosecution of a drunk driving case in the Metropolitan Dade County (municipal) court, described the offense as a “criminal charge under the laws of Florida.”
The bribery offense was charged sufficiently, in the terms of the statute. The prosecution pending in the metro court for drunken driving in violation of the metro code, as set out in the information, was adequate as a court proceeding under the bribery statute. The further designation of the offense involved in the metro court prosecution as being a violation of state law, was surplusage and did not render the information invalid. See Urga v. State, 155 Fla. 86, 20 So.2d 685. Moreover, failure of the defendant to move to quash, in the circumstances presented, pre- *547 eluded defendant from complaining of such surplusage at the trial. Urga v. State, supra; Fuller v. State, 159 Fla. 200, 31 So. 2d 259; Lewis v. State, Fla.1957, 93 So.2d 46.
Affirmed.