MANN, Judge.
Redden was charged with manslaughter.[1] He is alleged to have driven his car in such a culpably negligent way as to cause the death of a young girl. Before the case came to trial the judge required a proffer of evidence to prove the charge and dismissed the information as insufficiently supported by proof. Rule 3.190(c)(4), CrPR, 33 F.S.A., provides that such a motion is appropriate where “there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” It also provides that “the facts on which such motion is based should be specifically alleged and the motion sworn to.” No objection is made here to the trial judge’s acting on his own motion.
Two questions concern us: the first concerns our jurisdiction. Redden moves to dismiss the State’s appeal on the ground that our Supreme Court’s decision in State v. Smith,[2] to the effect that Fla. Stat. § 924.07, F.S.A., (1971) is unconstitutionally intrusive upon the Supreme Court’s rulemaking authority,[3] leaves no valid basis for an appeal by the State. The point is well taken. Although we think the statute allowing state appeals quite reasonable and conducive toward the effective administration of justice, its requirements must be incorporated into a rule before such an appeal as this may be entertained.
However, we may treat the appeal as a petition for writ of certiorari and determine, as the Supreme Court did in Smith, whether there is a departure from the essential requirements of law. We think there is.
The question now arises whether the facts set forth in the State’s proffer are sufficient to carry the case to the jury if the witnesses testify substantially as predicted. The facts which the State proffers are essentially these: Redden used to live in the Arcadia neighborhood in which the tragedy occurred, and knows that there are a lot of children there. He had been drinking heavily on that day, and was visiting with some friends on their porch. He boasted of his car’s speed. When he left, he spun his wheels backing up, then accelerated forward along the narrow street, again spinning his wheels, shifting around in the seat and looking elsewhere than at the road ahead. His car hit the child as she ran across the road, while Redden was still accelerating.
Clearly a jury could find Redden culpably negligent on this evidence. The test is whether the negligence of the defendant is of “a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an *417 intentional violation of them.” [4] The number of drinking drivers whose recklessness behind the wheel has resulted in death, conviction and affirmance is so large that we cite only a representative sample.[5]
In dismissing this case the trial judge gave no reasons, and we must assume that some misconception argued by Redden on appeal underlies the order.
Redden’s counsel argues that there is no evidence of excessive speed, or even of the limit at the place where the accident occurred. Speed is but a single element in the offense, and in a particular case it need not be an element at all. Here it is alleged that Redden accelerated so rapidly as to spin his wheels, and that he was moving around in the seat and looking away from the street ahead. In his brief Redden argues as fact his version of the event, which is appropriate before the jury, but not on motion to dismiss.
Redden also argues that the fact that the defendant had been drinking before the accident does not “in and of itself” establish culpable negligence. That statement is true enough, but misleading. He cites Jackson v. State, Fla.App.1st 1958, 100 So.2d 839; Smith v. State, Fla.1953, 65 So.2d 303, and Clowney v. State, Fla.App.2d 1957, 97 So.2d 316, as authority. In Jackson and Clowney the convictions were affirmed. In Smith, the jury acquitted the defendant on the count alleging that the death resulted from an accident in which the defendant was driving under the influence of alcoholic beverages, and there was not sufficient evidence that the defendant was culpably negligent in the deaths of two women wearing dark clothes, walking on a rural highway at night where the defendant had no expectation of seeing pedestrians, and where the undisputed evidence showed an effort to avoid impact. The case before us is markedly different.
Redden also argues that if the child had not run into the road the accident would not have occurred. This argument is fallacious. What is charged here is Redden’s culpable negligence, and the deceased’s conduct may be a factor, as it was in Smith, in demonstrating the absence of culpable negligence, but contributory negligence is no defense. In Russ v. State, 1939, 140 Fla. 217, 191 So. 296, the deceased was walking across a busy highway, and it was shown that the defendant had driven off the road in an effort at avoidance. Only an allegedly excessive speed grounded the charge of culpable negligence. The Supreme Court stated (191 So. at 299), “the deceased when crossing the highway was charged with the exercise of such care as was necessary for her own self preservation.” That dictum is unfortunate if it encourages belief in a “but for” rule in manslaughter prosecutions. Of course the deceased’s conduct may be relevant to the question of culpable negligence on the defendant’s part, but it would not even be a valid defense in a civil action founded on gross negligence,[6] which is of lesser degree than culpable negligence.[7] What differentiates this case from those cited is that it is alleged here that Redden knew of the presence of children in the neighborhood. This case is more like Sal- *418 las v. State, 1929, 98 Fla. 464, 124 So. 27, in which the deceased was walking on a beach which had been declared a public highway when struck by the defendant, who was traveling 40 or 50 miles per hour. There our Supreme Court said, “In the instant case plaintiff in error wrecked his car and did all he could to avoid the accident after he saw the victim, but at that very time he was making 40 or 50 miles per hour over an unobstructed beach 400 feet wide and did not see the victim till within a few feet of him. To denominate such conduct as criminal carelessness is putting it mildly.” (124 So. at 29). In Redden’s case there is proffered testimony that he made no effort at avoidance.
The evidence proffered by the State is so clearly sufficient that, if believed, a jury would be fully justified in finding Redden culpably negligent. Accordingly, we grant certiorari and quash the order dismissing the information.
LILES, A. C. J., and McNULTY, J., concur.

. Fla.Stat. § 860.01, F.S.A., is cited in the information, but it is apparently drawn to charge an offense under Fla.Stat. § 782.07, F.S.A., (1971). This discrepancy is not argued here.

. 1972, 260 So.2d 489, affirming (on this point) the decision of the Court of Appeal for the First District at 254 So.2d 402.

. Fla.Const. Art. V, § 5(3), F.S.A.

. Cannon v. State, 1926, 91 Fla. 214, 107 So. 360; see also Judge McNulty’s opinion in Mills v. Cone Brothers Contracting Company, Fla.App., 265 So.2d 739, opinion filed August 25, 1972.

. Fulton v. State, Fla.1959, 108 So.2d 473; Johnson v. State, Fla.1957, 92 So.2d 651; Fort v. State, Fla.1956, 91 So.2d 637; Hunt v. State, Fla.1956, 87 So.2d 584; Tegethoff v. State, Fla.App.4th 1969, 220 So.2d 399; McDougal v. State, Fla.App.2d 1966, 181 So.2d 539; Hamilton v. State, Fla.App.2d 1963, 152 So.2d 793; Flint v. State, Fla.App.2d 1960, 117 So. 2d 552; Penton v. State, Fla.App.2d 1959, 114 So.2d 381.

. Johnson v. Rinesmith, Fla.App.2d 1969, 238 So.2d 659.

. Carraway v. Revell, Fla.1959, 116 So. 2d 16; see Glaab v. Caudill, Fla.App.2d 1970, 236 So.2d 180, and cases there cited.