WILLIAM BELLAMY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Where there is no hint of another cause of death, an appellate court will not reverse for lack of proof on this point where it is proven that the person shot, suffered great agony and died two days thereafter, and a non-expert witness testified to the location of the wound and that the bullet went through the body.

2. To require a critical examination of a court's charge, it should be excepted to.

3. A trial court exercises a judicial discretion in refusing to receive testimony, after the evidence is closed.

4. During the progress of the trial, the defense asked that one Ananias Godwin be sworn and put under the rule, whereupon the judge smiled; Godwin was not made a witness nor does it appear what it was expected to prove by him. Held, no error.

5. The evidence supported the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*W. E. B. Smith,* for plaintiff in error;

*W. H. Ellis,* Attorney General for the State.

COCKRELL, J.—Upon an indictment for the murder of Lilla Reese, William Bellamy was tried in the Circuit Court for Jackson County, and convicted of manslaughter. He was sentenced to a term of eight years in the State Prison.

It is suggested, we cannot say argued, that the evidence does not show that death resulted from the gunshot wound. There is some degree of looseness on the part of the State in its proof of the cause of death which does not commend itself as a precedent in cases where more direct evidence is available, yet we do not find that error has been made to appear.

It was sufficiently established that Bellamy shot Lilla Reese on the eleventh of March of this year and that she died two days thereafter. One witness testified: "I saw the wound on the body of Lilla Reese; It was

right there (illustrating). The bullet seemed to come on straight through towards the back." Other witnesses testify to seeing blood on the woman's waist and to exclamations of pain and exhibitions of great suffering following the shooting. There was no hint of any other possible cause of death and the defense was accidental shooting. The jury and trial judge were shown the exact locality of the wound, while we are not given the information. The rule in this State is that when a wound from which death might ensue has been inflicted with murderous intent, and has been followed by death, the burden of proof is upon the defendant to make it appear to the satisfaction of the jury that the death did not result from such wound but from some other cause. Edwards v. State, 39 Fla. 753, 23 South. Rep. 537. Tested by this rule we cannot sustain the suggestion.

There was ample evidence before the jury to warrant a conviction for an intentional killing even though it may have lacked sufficient premeditation in its judgment to constitute the higher crime of murder, and to justify a verdict of manslaughter.

No exception was taken to the charge of the court at any time and we shall not now entertain criticisms of it.

The third ground for reversal is the refusal to give several instructions grouped en masse. These instructions were all properly refused, but under repeated decisions we need consider but one if that were incorrect. Upon an indictment for murder in the first degree, covering as it does all degrees of unlawful homicide, a motive is not essential to a conviction as to all charges.

After the evidence was all closed the defense offered certain testimony. No showing was made or attempted to excuse the delay and there is nothing upon which we

could predicate an abuse of the discretion necessarily reposed in the trial court over its orderly procedure.

The last ground urged is frivolous.

During the course of the trial the defendant requested the court to have one Ananias Godwin sworn and put under the rule, whereupon the court smiled, and the defendant's counsel noted an exception to the smile and expression of the court. He was asked if he desired to note an exception to the expression of the court's face, and answered "Yes to the smile and expression." Ananias was not tendered as a witness, it does not appear what testimony it was expected to secure from him. It is impossible to place us in a position to intelligently consider the harmful effect if any this slight lapse from severe judicial decorum might possibly have produced should the witness have been thereafter before the jury. It is reasonably certain that had the witness been presented to the jury the biblical forbear of the name would speedily have been brought to the attention of any juror so ignorant as to be unaware of it, and that the smile was most natural, if not justifiable or excusable.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.