54 So.2d 165 (1951)
HOPPER
v.
STATE.
Supreme Court of Florida, en Banc.
August 10, 1951.
Rehearing Denied October 5, 1951.
Hubbard & Carr, Miami, for appellant.
Richard W. Ervin, Atty. Gen. and Murray Sams, Jr., Asst. Atty. Gen. for appellee.
CHAPMAN, Justice.
The defendant-appellant Hopper was informed against in two counts by the County Solicitor of Dade County, Florida. The Court at the trial directed a verdict of not guilty as to count one but submitted the case to the jury under count two, which was drafted under the provisions of Section 860.01, F.S.A. This count charged that Hopper, while intoxicated, on January 7, 1950, unlawfully drove an automobile in Dade County, Florida, upon and against the body of Richard Allen Kane and inflicted certain mortal wounds which caused Kane's death. The jury, after hearing all *166 the evidence, rendered a verdict of guilty of manslaughter. A motion for new trial was made and denied, when the trial court sentenced the appellant to serve a period of five years at hard labor in the Florida State Prison. The defendant Hopper appealed.
Counsel for appellant contends that the trial court erred in overruling his motion for a directed verdict at the close of the State's case and, later, in denying defendant's motion for a new trial, on the ground that the verdict and judgment were contrary to law. It is contended that the prosecution, during the progress of the trial and at the time of resting its case, failed to establish by competent evidence the corpus delicti beyond a reasonable doubt. The point is made that the burden of proof under the law rested upon the prosecution to establish, first, the fact of death; second, the criminal agency of another person as the cause thereof; and third, the identity of the deceased person. The case of Lee v. State, 96 Fla. 59, 117 So. 699, is relied upon to sustain the contention.
The record discloses that Kane was hit by an automobile driven by the defendant-appellant at 79th Street near 11th Avenue, N.W., in the City of Miami about 1:30 A.M., January 7, 1950. Kane's body was badly mangled; his right leg was broken in several places, the back of his head was matted with blood which came from the ears, mouth and nose; and the "head was turned at an angle where you could see it had been crushed through there." (Tr. 46). The defendant admitted striking the deceased with his automobile and "I hit him broadside as I swung left." "I drank five or six beers." (Tr. 80). The arresting officer smelled alcohol on the defendant and his speech was slurred. The Kane boy died immediately after being hit by the appellant's automobile. The right headlight of defendant's car was "smashed out" and the right side of the hood of the car was "dented".
We find no hint or suggestion in the record that Kane's death was due to any agency other than being hit by the defendant's automobile, which striking of the deceased, the defendant admitted, occurred after drinking five or six beers. The rule obtaining in Florida is that when a wound from which death might ensue has been inflicted and thereafter death occurs, the burden of proof is upon the defendant to make it appear that the death did not result from such wound but from some other cause. Bellamy v. State, 56 Fla. 43, 47 So. 868.
It appears by the record that attorney Ives, Assistant Prosecuting Attorney, in his remarks to the jury sworn to try the issues in the lower court, in part, said: "If there was not evidence sufficient for you to consider, the Judge would have granted the motion for directed verdict for defendant." Counsel for defendant-appellant moved the trial court for an order declaring a mistrial on the ground that the above argument was improper, prejudicial, and deprived the defendant of a fair and impartial trial. The following occurred:
"The Court: It is up to you gentlemen after having heard all this argument and the testimony from the witness-stand and heard the charge of the Court and retired to your jury-room and having had a full and fair conference with your fellow jurors, to decide whether or not the State has proven to the exclusion of and beyond a reasonable doubt all of the material allegations in the Information. With those instructions you can go ahead.
"Mr. Carr: We object to the State's argument along that line.
"Mr. Zarowny: If I made some argument I should not have, I want the Court to know I thought I had a right to answer Mr. Hubbard's inference made in his argument.
The Court: I want to let you all argue anything, but I want the jury to understand that they are the folks to judge the facts and not the Court. I am letting them judge it. I am not criticizing any of you in your arguments. If you argue anything I think is to be criticized, I will call it. Until such time, go ahead.
"Mr. Carr: Will the Court instruct the jury not to consider that?
*167 "The Court: I think the instructions I have given the jury  I think that covers it.
"Mr. Carr: Whether we may or may not move for a directed verdict?
"The Court: It doesn't make any difference. That is not what you gentlemen are concerned with here. The only thing you are concerned with here is whether or not, after having heard all the argument, after having heard all the testimony and seen and examined the exhibits if there were any, and the charge of the Court as to the law and after having retired to the jury room and had a full and fair conference with your fellow jurors as to what transpired, then if there is a reasonable doubt in your minds of the State having proved all of the material allegations in the Information, under the laws of this State the defendant is entitled to the benefit of that and if you have that reasonable doubt you should acquit him; otherwise, you should find him guilty. That is all right; you don't have to apologize to anybody. Go ahead."
The trial Court, in criminal cases under Subsection (e) of Section 920.05, F.S.A., has the power to award a new trial because of the misconduct of a prosecuting attorney. As shown by the record, counsel for the defendant seasonably moved the Court for a directed verdict under both counts of the information because of the legal insufficiency of the evidence adduced by the prosecution. The defendant's motion was granted as to count one and overruled as to count two. The remark argued as error, as the writer interprets the testimony, goes to the sufficiency of the evidence adduced to sustain the material allegations of count two of the information. It appears to be well settled that counsel has the right to comment on the sufficiency of the testimony or the legal insufficiency thereof, and the jury has the sole prerogative of settling the disputes and conflicts of the controversy under appropriate instructions.
When the Assistant Prosecuting Attorney remarked in the presence of the jury that the trial court would have granted a verdict for the defendant had not the evidence been sufficient to sustain the material allegations of count two of the information it was tantamount to stating that the evidence adduced by the prosecution clearly established the material allegations of count two. The appellant admitted striking the deceased with the automobile and knocking him from the center of a four lane highway to some 10 to 12 feet from the edge thereof. He did not see him on 79th Street until he was within two feet of him. He admitted having some beers but strenuously denied that he was intoxicated. Under the facts of the entire case it cannot be said that reversible error has been made to appear. See Blanc v. State, 150 Fla. 98, 7 So.2d 333.
Affirmed.
SEBRING, C.J., and TERRELL, THOMAS, ADAMS and HOBSON, JJ., concur.
ROBERTS, J., dissents.