87 So.2d 584 (1956)
William Leon HUNT, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Division B.
May 23, 1956.
Roy Christopher, Mount Dora, and George T. Kelly, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
In an information filed by the State Attorney of the Fifth Judicial Circuit the appellant was charged, in the first count, with having operated an automobile in such a negligent, careless and reckless manner as to kill one James Sheppard and, in the second count, with having killed Sheppard with the car while driving it when he was drunk.
*585 The jury found the appellant guilty of the offense charged in the first count and not guilty of the offense charged in the second count.
He now insists that the evidence was insufficient to support the verdict of guilt and that the trial judge erred in his refusal to give the jury certain charges the appellant requested.
To determine the first question we will condense the testimony the jurors were privileged to believe. Sheppard was driving his truck north on a highway at the rate of 25 or 30 miles an hour and was accompanied by five persons. The appellant was driving west "awful fast" on a road that met the highway at right angles and when he entered the highway, he evidently made no attempt to diminish his speed although a "stop sign" stood on the road 30 feet from the intersection in plain view of the appellant, warning him that he was about to enter traffic that had the right-of-way. Furthermore, just before reaching the place where the road appellant was travelling joined the thoroughfare, appellant had passed a sign reading "Reduce Speed Dangerous Intersection 200 Yards." The appellant admitted that he was familiar with the road.
The cars collided "almost head-on" to quote a trooper of the Florida Highway Patrol, who also said that the left side of appellant's car struck the left side of the truck, Sheppard's vehicle. For the Sheppard car to have been struck on the left side, as it moved north, by a car entering its path from the east the appellant must have swerved and after defining an arc struck the truck from the opposite direction. And the impact was so great that Sheppard was killed and several others were severely injured.
There was abundant evidence that the appellant had been imbibing intoxicating liquors, if indeed he was not drunk, and although he was acquitted on the charge containing that element, it was proper to consider his condition as shedding light on his recklessness. Cannon v. State, 91 Fla. 214, 107 So. 360; Young v. State, 142 Fla. 361, 195 So. 569.
Marks on the road indicated that the speed of appellant's car had not been reduced by the application of brakes but that the car was sliding sideways as it came in contact with the truck operated by Sheppard.
The appellant denied that he had drunk any intoxicating liquors and claimed that when he "came up to the junction" and "hit" his brakes he could not stop although his brakes had been working perfectly all day.
The jury obviously thought his categorical denial that he had partaken of intoxicants should be disregarded in view of the overwhelming testimony that he was drunk, and that the story about his discovery, on the verge of disaster and 200 yards beyond the cautionary sign of defects in his brakes, was much too thin.
When a person approaches, along a secondary road with which he is conversant, a thoroughfare, passes, apparently without heeding, a sign bearing the warning that speed should be reduced because danger is 200 yards ahead, passes a stop sign so fast that after he has skidded a considerable distance and reversed his course he maintains sufficient momentum to wreck two vehicles, kill one person and injure several others, while his senses are dulled by alcohol he, in our opinion, is guilty of the recklessness that is an element of manslaughter such as was charged and that if death follows the crime becomes complete. The conduct of appellant fitted the definitions quoted in Preston v. State, Fla., 56 So.2d 543, 544, from Savage v. State, 152 Fla. 367, 11 So.2d 778:
"The `culpable negligence' required to sustain a manslaughter charge must be of a `gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness *586 or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.'"
The language was properly incorporated in the court's charge to the jury.
A study of all the charges has convinced us that no error was committed in that respect.
The judgment is 
Affirmed.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.