92 So.2d 651 (1957)
Ulysses JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, Special Division B.
January 25, 1957.
Rehearing Denied March 8, 1957.
Varon & McMorrough, Hollywood, and Ray Sandstrom, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and B. Jay Owen, Asst. Atty. Gen., for appellee.
*652 THOMAS, Justice.
The appellant is aggrieved by a judgment of the Criminal Court of Record of Broward County that he was guilty of manslaughter and that he should be confined in the state prison at hard labor for ten years. He was charged with having operated an automobile in such a culpably negligent manner as to kill one Jean Uken.
The appellant claims that he was guilty of but one infraction of law at the time he struck the woman and killed her, namely, excessive speed, and that inasmuch as this court has held that that element alone will not support a charge of manslaughter he should go free.
Before discussing this position we will narrate the unfortunate occurrence as we learn it from the record of testimony the jury believed, and were privileged to believe.
A trooper of the Florida Highway Patrol, an officer with more than five years experience, was travelling northward at night on State Road No. 7 in Broward County. He met several cars proceeding south and behind this "string of traffic" he saw the headlights of two cars that were darting in and out across the center line. The trooper turned around and started to pursue the two cars, which meanwhile had passed the others in the column. He travelled about a mile before he could get around the cars that were moving more slowly and overhaul the speeders. By that time the highway consisted of four lanes. One of the speeding cars, a Ford, was in the inner lane for southbound traffic, the other, a Buick, was in the outer lane. These two cars were abreast and obviously racing. At that time the trooper in his effort to stop the racers was going 90 miles an hour.
The trooper drove up behind the Buick and "clocked" it for two or three hundred yards and found that it was travelling at the rate of 85 miles an hour. He tried to catch the Ford, which had outdistanced the Buick, with the purpose of stopping it and then flagging the Buick. While doing this he reported to headquarters the number of the license tag.
About this time the officer saw a woman in the center of the outside northbound lane walking rapidly toward the center of the highway. She hesitated at the center line then made a sudden dash for the west side of the highway. As she reached the westernmost lane, the Buick, driven by appellant, struck her with such force that she was thrown 343 feet. Her legs were found in the road midway between the point of impact and the point where her body came to rest. The Buick stopped 819 feet from the point of collision.
The woman was killed in an area that was congested and was "lit up" by neon signs of nearby business establishments. At the time, shortly before midnight, the traffic was described by the trooper as "medium heavy."
When the mounting carnage on the highways is challenging the thought of every serious-minded official directly or indirectly concerned with enforcement of the law, a situation of which we take judicial notice, we should review the decisions of this court dealing with speed as an element of culpable negligence to see if we have held unqualifiedly, as now suggested to us, that excessive speed will not alone suffice to prove a defendant guilty of culpable negligence.
We are referred to the opinion in Russ v. State, 140 Fla. 217, 191 So. 296, in which the court rejected the contention of the State that excessive speed was sufficient to establish culpable negligence but did so because of other evidence about the familiarity of the victim with the place where the accident occurred, and her failure to observe approaching traffic or exercise proper care for her own safety.
In Preston v. State, Fla., 56 So.2d 543, 544, after repeating the definition of culpable *653 negligence, we referred to speed as an element of the offense in these words: "* * * excessive speed alone is not necessarily culpable negligence sufficient to sustain a charge of manslaughter." (Italics supplied.) This decision was cited in Maxey v. State, Fla., 64 So.2d 677.
In Smith v. State, Fla., 65 So.2d 303, 305, the pedestrians were struck by a car that was passing through a rural area at the rate of 60 or 65 miles per hour. The highway was four lanes in width, the surface was dry and the night was clear. True, the court said that "[s]peed alone [was] not sufficient to sustain a conviction" but the statement cannot be lifted out of context and applied to all situations. It was a pronouncement restricted by the other relevant facts of the particular case.
The illogic that would result from taking the simple statement out of that decision and adopting it here regardless of the other circumstances is inescapable.
It is difficult to imagine a weapon more lethal than an automobile hurtling down a highway at a speed of 85 miles an hour in a race with another car through a congested area in traffic that was "medium heavy." The result of this orgy of speed, the striking of a human being with such force that her body was dismembered and part of it catapulted more than 300 feet, demonstrates that perpetrators of such deeds, when highways are becoming more crowded and automobiles are being made to go faster, should suffer the penalty the law provides for the commission of manslaughter.
It cannot be stated as an absolute rule that speed alone cannot amount to manslaughter. Too much depends on the attendant circumstances. A person might drive all day long at 60 miles an hour through the country without being caught in the toils of the law, but could he proceed with any such sense of propriety past a school as children were flowing into his path?
The appellant argues with some force about the propriety of the judge's action in admitting evidence about a traffic sign indicating a speed limit of 35 miles per hour at the place where this crime was committed without proof that the warning was given by persons in authority. The attorney for the appellee replies with the extraordinary argument that "in the absence of contrary showing of same [it] will be presumed to have been placed there by lawful authority * * *." We do not feel obliged to discuss the appropriateness of such a statement in a criminal prosecution when the guilt of the defendant must be established by testimony beyond a reasonable doubt. But we consider that any error committed in this respect was harmless because it was clearly shown that the area was congested and in this situation the provisions of Sec. 317.22, Florida Statutes 1953, and F.S.A., regulating speed were in effect.
The remaining question posed by the appellant does not merit discussion.
We think the appellant was proved guilty of manslaughter.
Affirmed.
TERRELL, C.J., and ROBERTS and O'CONNELL, JJ., concur.