THORNAL, Justice.
Appellant Hutley who was defendant below seeks reversal of a judgment sentencing him to the State Penitentiary pursuant to a jury verdict of guilty on a charge of manslaughter resulting from culpable negligence in the operation of an automobile.
*816 Several points on appeal are made but the determining factor is the sufficiency of the evidence to support the verdict.
Hutley was convicted on informations charging him with the deaths of two people resulting from his operation of an automobile “with culpable negligence and with reckless disregard for the life and safety” of the deceased. It appears that Hutley borrowed a 1947 Pontiac. He picked up several friends, stopped at “The Blue Heron” where he and four others consumed a quart of beer. He proceeded north on the old Dixie Highway north of Riviera, slowed down but did not stop at the 45th Street intersection, turned easterly at a speed of 18 to 20 miles per hour. Hutley testified that at approximately this speed, he approached the crossing of the main line of the Florida East Coast Railway. A swinging red light type signal was operating, a bell on the signal was ringing, the crossing gates were lowering. Witnesses testified that the train whistle was blowing. Another automobile had stopped at the crossing. Hutley testified that he attempted to apply his brakes but that the brake pedal “went all the way down to the floor” and did not hold. He further stated that he feared that he would strike the car that had stopped for the crossing. According to his testimony, he did not think to apply the emergency brake. Likewise, it didn’t occur to him to veer to the right or left of the parked car into the soft sand shoulders. Witnesses testified that they saw his automobile swing around the parked car and proceed into the crossing directly in front of the onrushing train. The ensuing crash produced the deaths of the parties named in the two informations.
The jury found the appellant guilty of manslaughter. The judge sentenced him to twenty years in the State Penitentiary on each information, the sentences to run concurrently. Reversal of the judgment of conviction is here sought.
Appellant contends that the evidence was insufficient to support the verdict and that the court committed error in striking the testimony of an expert witness with reference to the condition of the brake mechanism of the automobile.
The State contends that the evidence was adequate and that the testimony of the expert was properly stricken as being immaterial. With reference to striking the expert testimony, we must agree with the trial judge. The only testimony with reference to the brake failure was that offered by Hut-ley himself. He stated that he stepped on the pedal, that it went all the way down to the floor and produced no breaking of the speed of the car. The proffered testimony of the expert witness was to the effect that he had examined the brake mechanism, that in the main cylinder of the hydraulic mechanism he found brake fluid, that there was no leak but that he did find evidence of trash or crud in the main cylinder. This witness stated that if the main cylinder was without fluid, or if there was a leak then the brake pedal would not function because the piston in the cylinder would meet no resistance in the form of fluid and the pressing of the pedal in the car would not have any effect on breaking the speed. On the other hand, he stated that if a little piece of the trash in the main cylinder clogged the small pinpoint orifice through which the fluid is pumped by the brake pedal, the result would be a “hard pedal.” In other words, when pressed the brake pedal in the car would freeze and not go to the floor at all. Obviously, this testimony was immaterial for the reason that appellant did not rely on the so-called “hard pedal” as the cause of the brake failure. The only weakness in the brake system found by the expert was the existence of the crud in the master cylinder which could have produced a “hard pedal” condition.
As to the sufficiency of the evidence, we must bear in mind that this case was fairly and thoroughly tried. The jury found against the appellant.
While admittedly if the jury had believed the testimony of the appellant with reference to the brake failure, it could have found him not guilty. Obviously, however, *817 the jury did not believe his testimony in its entirety. His was the only testimony in regard to the failing brake. The State’s witnesses pictured the situation as one in which a reasonable man under the circumstances could have and should have avoided the ultimate tragedy. They portrayed wantonness and recklessness in driving an automobile in front of an oncoming train in an apparent effort to “beat the train to the crossing.” There was evidence which would justify a jury in believing this. On the basis of the State’s case the jury properly could conclude that there was evidenced by the appellant such reckless indifference to the safety of the passengers in the automobile that it was equivalent to wantonness or a grossly careless disregard for their safety and welfare. This being the situation, we are not justified in disturbing the jury’s verdict.
We have thoroughly examined the entire record including the instructions given by the trial judge although no errors were assigned with reference thereto. The judge adequately advised the jury that if they believed that the tragedy resulted from mechanical failure and that the appellant was not guilty of culpable negligence under the circumstances, then they should bring in a verdict of not guilty. This the jury clearly declined to believe.
We have also considered the contention of the appellant that the sentence of twenty years under the circumstances is tantamount to cruel and unusual punishment. It is pointed out that appellant is only twenty-one years of age, with limited schooling and no previous record of law violations. It is contended that he merely exercised poor judgment but not criminal neglect. We might admit that there are some aspects of this record that would commend appellant to more merciful treatment if we, as an appellate court, were endowed with clemency powers. The exercise of such discretion, however, is not within our jurisdiction. The sentence prescribed was within the limits fixed by statute. Any appeal for clemency will have to be directed to the appropriate agency of the government. Emmett v. State, Fla.1956, 89 So.2d 659; La Barbera v. State, Fla.1953, 63 So.2d 654.
Affirmed.
TERRELL, C. J., and THOMAS and ROBERTS, JJ., concur.