114 So.2d 381 (1959)
Laverne PENTON, Appellant,
v.
STATE of Florida, Appellee.
No. 757.
District Court of Appeal of Florida. Second District.
September 2, 1959.
Rehearing Denied September 22, 1959.
*382 Steadman S. Stahl, Jr., Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
KANNER, Judge.
The jury found Laverne Penton guilty of manslaughter of a youth by the name of Robert Heeney through culpable negligence in the operation of an automobile and found him not guilty on the charge of manslaughter when driving while intoxicated. He was sentenced to a term of five years in the state prison.
Penton, challenging here the sufficiency of the evidence to sustain the finding of culpable negligence, contends that culpably negligent operation of the car has not been shown through the events leading up to and culminating in the accident and that excessive speed alone is not enough. He asserts further that the state has failed to prove that Robert Heeney came to his death as a proximate result of the injuries he received at the time he was struck by the automobile.
The record discloses that Robert Heeney, at about 8:30 on the night of the accident, was standing in the street about one and one-half to two feet from the east curb on Southwest Eighth Avenue, south of Hallandale Beach Boulevard, in Hallandale, Florida. He was with two boy companions who were nearer the curb, one seated on a bicycle. The night was dark, and the street was unillumined by street lights. The accident car, traveling about sixty or seventy miles per hour, approached from the south and struck the three boys, with Heeney receiving the direct force of the impact and the other two boys sustaining glancing blows. Heeney was dragged along by the vehicle for a distance of sixty feet or more, and after the car "jerked its brakes" and released the unconscious boy, it continued its course without stopping.
The road upon which the accident occurred was only about eighteen feet wide, rife with rough places and potholes about eight inches deep, unsafe for high speed, and speed-zoned for a limit of thirty miles per hour. Undisputed testimony is that higher speed than twenty-five to thirty miles per hour would be unsafe.
Testimony shows that Penton had been drinking prior to the accident, that he may have been under the influence of intoxicants, and that Arthur Lott, his companion, an occupant of the Penton car at the time of the accident, had, in the vernacular, "passed out" from drinking. The defendant did not testify in his own behalf, but he did offer evidence to contradict and discredit the testimony of a state's witness, Lecil Jones.
Excessive speed alone is not necessarily culpable negligence sufficient to sustain a charge of manslaughter, but coupled with other circumstances attendant upon an *383 accident could evince a reckless disregard for human life and safety to others sufficient to sustain a conviction for manslaughter through culpable negligence. Johnson v. State, Fla. 1957, 92 So.2d 651; and Henderson v. State, Fla. 1956, 90 So.2d 447.
The facts of this case as recounted through a summary of the evidence speak for themselves. The rough, narrow road, within the city limits and open to two-way traffic, gutted with potholes eight inches deep, speed-zoned for a limit of thirty miles per hour and unsafe for travel over thirty miles per hour, the darkness of the terrain, and the hazardous speed with which the driver propelled his automobile transformed that vehicle into a lethal instrumentality. Penton only applied his brakes briefly after striking the boys, then departed the scene. Added to this combination of circumstances was the intoxicating beverage consumed by the driver of the automobile.
Although Penton was freed of guilt as to manslaughter through driving while intoxicated, the verdict of guilt under the charge of manslaughter by culpable negligence could have been influence by the added consideration of the intoxicating beverage he had consumed, a relevant factor casting light on his recklessness. Hunt v. State, Fla. 1956, 87 So.2d 584.
As to Penton's claim concerning the failure of the state to prove that death was the proximate result of the injuries Heeney received when struck by the automobile, the evidence amply demonstrates that the vehicle operated by Penton struck Heeney and dragged him about sixty feet or more, that he was rendered unconscious, conveyed to the hospital by ambulance, then visited in the emergency room by one of his companions of the night of the accident, and at his funeral was seen by both of his then companions. These witnesses identified the boy thus struck, hospitalized, and funeralized as Robert Heeney. The testimony of Arthur Lott reveals that he and Penton were arrested twice in connection with the accident, first, on the night of the accident and, second, that "They came back and got us on Sunday after the boy died." The speed of the automobile which struck and dragged Heeney, his wounded and unconscious condition afterwards, and Arthur Lott's testimony concerning his and Penton's arrest after the boy died all combine with the other facts mentioned to yield adequate evidence that the properly identified boy did die and was accorded funeral services, and that his death was the proximate result of his having been struck by Penton's car.
When a wound has been inflicted from which death might ensue and subsequently death occurs, the burden of proof is imposed upon a defendant in a criminal case to make it appear that death did not result from the wound but from some other cause. The case of Hopper v. State, Fla. 1951, 54 So.2d 165, 166, clearly enunciates this rule in a case wherein the defendant was found guilty of manslaughter when operating an automobile while intoxicated. The germane statement is:
"We find no hint or suggestion in the record that Kane's death was due to any agency other than being hit by the defendant's automobile, which striking of the deceased, the defendant admitted, occurred after drinking five or six beers. The rule obtaining in Florida is that when a wound from which death might ensue has been inflicted and thereafter death occurs, the burden of proof is upon the defendant to make it appear that the death did not result from such wound but from some other cause. Bellamy v. State, 56 Fla. 43, 47 So. 868."
See also the cases of Edwards v. State, 1897, 39 Fla. 753, 23 So. 537; and Tongay v. State, Fla. 1955, 79 So.2d 673.
We are satisfied that, when compared generally with facts in a number of *384 culpable negligence cases resolved by the Supreme Court in affirming jury verdicts, the facts in this case fall within the standard prescribed by that court. See Johnson v. State, supra; Hunt v. State, supra; Hutley v. State, Fla. 1957, 94 So.2d 815; Lester v. State, Fla. 1957, 92 So.2d 534; Fort v. State, Fla. 1956, 91 So.2d 637; and Roland v. State, 1939, 140 Fla. 692, 192 So. 602. The question of whether culpable negligence had been committed under section 782.07, Florida Statutes, F.S.A., governing manslaughter, was properly submitted to and within the province of the jury to measure Penton's conduct.
We find no basis to upset the verdict of guilty returned by the jury, and the judgment of the trial court is affirmed.
ALLEN, C.J., and SHANNON, J., concur.