285 So.2d 651 (1973)
The STATE of Florida, Appellant,
v.
William Franklyn JONES, Appellee.
No. 73-497.
District Court of Appeal of Florida, Third District.
October 30, 1973.
Rehearing Denied December 11, 1973.
Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for appellant.
Herskowitz & Grossman, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
The State appeals an order dismissing a cause filed in the Criminal Division of the Circuit Court, the trial judge having found that the speedy trial rule, Rule 3.191 CrPR, 33 F.S.A., in effect is applicable to Metro offenses.
The appellee was involved in an automobile accident in May of 1972, at which time a passenger in his vehicle was killed. The appellee was charged in the Metro Court of Dade County and served with a citation directing him to appear before a judge of the Metro Court on July 28, 1972. He so did. Subsequently, the State, by information on November 28, 1972 charged the appellee with manslaughter as a result of the death of his passenger. Thereafter, when 180 days had expired from the time the defendant was arraigned in the Metro Court, the appellee [who was then the defendant in the criminal prosecution under the information] moved in said latter proceeding to be discharged, citing Rule 3.191 CrPR. The trial court agreed with the contentions of the appellee and issued an order, dated March 21, 1973 discharging the appellee, said order in effect holding that the 180 days [under the Rule] began on the date *652 of his arraignment in Metro Court, to wit: July 28, 1972.
This appeal by the State ensued, contending error in the entry of the Order dated March 21, 1973. Under the circumstances, we find that the order was in error. It is apparent from the opening sentence of the speedy trial rule, to wit:
* * * * * *
"Except as otherwise provided by this Rule, every person charged with a crime, by indictment or information or trial affidavit, shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. * * *"
* * * * * *
that this Rule was applicable only to criminal prosecutions. Prosecutions in the Metro Court for traffic offenses are not crimes and, therefore, this speedy trial rule was not applicable to the proceeding in the Metro Court and only became applicable to the proceeding against the appellee when he was taken into custody as a result of the information filed on November 28, 1972.
Therefore, for the reasons above stated, the order here under review be and the same is hereby reversed and the cause is remanded to the trial court with directions to proceed with the matter upon the information filed against the appellee.
Reversed and remanded, with directions.
CARROLL, Judge (concurring specially).
I concur in the opinion and judgment of the court, and would reverse on the additional ground that even if Rule 3.191 CrPR should be held to be applicable to traffic offenses violative of the Code of Metropolitan Dade County, the prior arrest for the traffic offense was not an arrest or the taking of the person into custody for the criminal episode of manslaughter, which under the rule marks the commencement of the running of the speedy trial period relating to that crime. Based on the date of arrest of the defendant on the manslaughter charge, the speedy trial period had not elapsed, and the motion for discharge was properly denied.
PEARSON, J., concurs.