PER CURIAM.
Appellant, defendant in the trial court, seeks review of a judgment and sentence of ten years in the state penitentiary for manslaughter by culpable negligence.
The state charged appellant with four counts of manslaughter: two by driving while intoxicated; and two by culpable negligence. The jury returned its verdict finding appellant guilty only of the latter two charges.
The facts viewed most favorably to the state on an appeal from a conviction demonstrated that appellant was involved in an auto accident with another vehicle resulting in fatalities to the occupants, Newton Vogel and Frances Freed. The accident occurred at 10:30 P.M. on June 19, 1972 at the intersection of Biscayne Boulevard and 172nd Street as appellant proceeded in a northerly direction.
Appellant testified that the light at the intersection was red until about a half-block before he entered the intersection, when the light turned green. In appellant’s words, he was “pacing” the light, proceeding at SS to 60 miles per hour in a 45 m. p. h. maximum speed zone, and he never applied his brakes as he approached the light.
Appellant testified that he consumed four beers on the day in question, two within thirty to forty minutes of the accident. He stated that after passing the intersection he noticed the car driven by the decedents proceeding about 10 to 15 miles an hour. He then stated the car suddenly swerved into his path approximately 50 feet in front of him and he could not avoid a collision.
The state produced expert testimony by Dr. William Fogarty, professor of civil engineering at the University of Miami who was at the scene of the accident in connection with a research project, and Detective William Sullivan, an accident investigator for the Dade Public Safety Department. Sullivan placed appellant’s speed at impact in excess of 70 m. p. h., and no more than 85. Dr. Fogarty estimated the speed between 60 and 70 m. p. h.
In addition, Sullivan and another police officer testified to the effect that appellant at the time of the collision was impaired due to intoxication to the extent that he could not operate a motor vehicle on the streets of Dade County.
*788 Appellant raises two points on appeal. First, appellant contends the trial court should have discharged him because he was not tried within 180 days of time he was taken into custody and CrPR 3.191, 33 F. S.A. mandates his discharge. This point is unmeritorious.
The trial judge made a clear finding that a deposition of Dr. Fogarty was continued upon request by both the prosecutor and public defender, due to the scientific nature of his testimony which required further investigation. The court concluded that unusual circumstances under the speedy trial rule justified the delay of trial. We do not consider it essential to arrive at the question of whether the court’s conclusion was correct, since it is the law that a trial court’s findings, even when grounded on an erroneous theory, may be affirmed on appeal when other theories support the findings. Firestone v. Firestone, Fla.1972, 263 So.2d 223.
This court recently has stated that a prosecution in Metro Court for a traffic offense is not a crime and the speedy trial rule is not applicable until a defendant is ultimately taken into custody upon the filing of an information. State v. Jones, Fla.App.1973, 285 So.2d 651; see also, State ex rel. Lee v. Rose, Fla.App.1973, 277 So.2d 66. The Jones case had not been decided when this cause was before the trial court. In the cause sub judice, appellant was arrested at the time of the accident for driving under the influence of alcohol. However, the information charging manslaughter was not filed until October 20, 1972, and the trial commenced on January 11, 1973. Therefore, the speedy trial rule has been satisfied.
Even assuming appellant’s argument that the rule commenced to run on June 19, 1972 is correct, we think that under the facts of this case the speedy trial rule was waived due to the agreement to extend the deposition of Dr. Fogarty. See State v. Earnest, Fla.App. 1972, 265 So.2d 397.
Appellant’s second point is directed to the sufficiency of the evidence to prove culpable negligence. In our view, the evidence in this case was sufficient to sustain the jury’s conclusion that appellant was guilty of culpable negligence in the operation of his automobile. See, Hunt v. State, Fla.1956, 87 So.2d 584; Henderson v. State, Fla.1956, 90 So.2d 447; Penton v. State, Fla.App.1959, 114 So.2d 381; Hamilton v. State, Fla.App.1963, 152 So.2d 793; Maze v. State, Fla.App.1964, 168 So.2d 691.
Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are affirmed.
Affirmed.