ERVIN, Justice
(dissenting) :
This case involves denial of application of the speedy trial rule 3.191(a)(1), the 90-day trial rule, to Petitioner Philip K. Palmer who, after arrest was arraigned, tried and sentenced in the Metropolitan County Court of Dade County, Florida, on December 20, 1972 for the traffic offenses of driving while intoxicated and leaving the scene of an accident. He received sentences of 30 days’ imprisonment for leaving the scene of the accident and six months’ imprisonment for drunken driving. He was originally charged on May 29, 1972 with said violations, the same being traffic violations of Metropolitan Dade County ordinances.
On appeal the Circuit Court of Dade County affirmed. On petition for a common law writ of certiorari to the District Court of Appeal, Third District, that court denied certiorari without opinion.
Petitioner seeks a writ of conflict certio-rari here to review the action of the District Court citing Dresner v. City of Tallahassee, Fla.1964, 164 So.2d 208, and other cases on the point that the District Court improperly denied Petitioner a certiorari review applying the 90-day speedy trial rule.
Respondent State contends that the speedy trial rule is a criminal rule of procedure and is inapplicable to municipal traffic ordinances, citing State v. Jones, Fla.App.1973, 285 So.2d 651, holding that metro traffic offenses are not crimes and the speedy trial rule is inapplicable.
It is and has been clear to me from the time of adoption that this Court’s speedy trial rules are applicable in cases of this kind. The technical distinction that traffic violations are not crimes is unrealistic, especially when it is remembered that Petitioner drew an imprisonment sentence of thirty days for leaving the scene and six months’ imprisonment for drunk driving.
Misdemeanors under state statutes drawing similar sentences to those meted in this *567 case are subject to the speedy trial rule. The difference here is that of “tweedle-dum” and “tweedledee”-since the deprivation of liberty of the citizen is the same, whether arising under violation of ordinance or state statute. Compare Boyd v. County of Dade, Fla., 123 So.2d 323, 331; City of Fort Lauderdale v. King, Fla., 222 So.2d 6; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491, as to whether Petitioner’s offense was a crime and whether he was entitled to constitutional safeguards applying to persons charged, with crime, including a speedy trial.
Merely because there are more traffic cases in municipal courts than misdemean- or cases in county courts should make no difference in the application of this Court’s speedy trial rule. Because the task of processing traffic cases is more arduous because of their great number should not be the criterion for discrimination among defendants in the application of the rule. What is involved here is the liberty of the citizen as to which the speedy trial guarantee of the Constitution is indivisible-and likewise should be the rules implementing the guarantee.
Our Court should not lend its judicial power to serve the convenience of municipal courts where to do so results in manifest inequality. A speedy trial rule should have uniform application and not be applied according to which court handles a case-or whether the offense charged is covered by ordinance or state statute. Specious and unrealistic reasoning resulting in citizen discrimination only adds to the general criticism of the court system which is supposed to dispense impartial justice.
Petitioner’s case clearly comes under the 90-day speedy trial rule-and merely because he was charged under an ordinance should not be a basis for denying him its benefit.
The writ should issue and if the State has no other response than that the offense charged was a violation of a traffic ordinance and therefore was not a crime, Petitioner should be discharged.
BOYD, J., concurs.