HOBSON, Judge.
R. C. G., Jr., a child, appeals an adjudication of delinquency on the charge of vehicular homicide, Section 782.071, Florida Statutes (1977). Appellant argues that the evidence presented by the state was insufficient to show that he operated a motor vehicle “in a reckless manner likely to cause the death of, or inflict great bodily harm to, another.” We agree and accordingly reverse the adjudication of delinquency.
The facts viewed in a light most favorable to the state are as follows:
Early in the evening on the night of the fatal mishap, appellant, a 16-year-old boy, had been drinking with friends. There was testimony that the young men were smoking marijuana although there was no testimony that appellant had participated in that form of intoxication. Appellant left to pick up a friend and after doing so, proceeded on his motorcycle to a pizza parlor. The motorcycle had a defective muffler which attracted the attention of a police officer who stopped appellant and issued him a citation for operating a motor vehicle without a license. This officer and a backup officer testified that appellant had not been operating the motorcycle in a careless manner, that he was polite, cooperative and appeared sober. The officers warned appellant not to operate the motorcycle further and watched appellant and his passenger push the motorcycle to a nearby plaza.
At the plaza, appellant and his friend entered the pizza parlor just at closing time. The owner knew appellant’s father and, learning of the citation, offered to escort the two young men home with his car. Appellant accepted the offer and followed the automobile on the motorcycle. The weather was dry, extremely windy, and the night was very dark. The automobile’s emergency flashers were illuminated as an extra precaution. About 11:30 p. m., the motor vehicles proceeded down a stretch of two-lane road just before appellant’s apartment. At this point, the road turned in a “big, gentle curve” marked by a single, solid center line. The curve was preceded *168 by a straight section of road marked with a single dotted line. The speed limit was 40-45 miles per hour. As the two vehicles approached the curve at 35-40 miles per hour, the motorcycle accelerated, passed the automobile at approximately 55-60 miles per hour, and the passenger turned and waved to the driver of the car. The motorcycle re-entered the right-hand lane at the start of the curve; however, it failed to turn as the road curved and ran off the road, into and out of a ditch, and into some brush. It came to rest only after it careened off two trees and threw its passengers. As a result, appellant suffered severe injuries and his passenger sustained a fatal blow to the head.
An avid motorcycle enthusiast testified that he would be able to negotiate the curve at a speed of 100 miles per hour but would not recommend this for an unlicensed 16 year old operating a lighter motorcycle. This witness also stated that the weight shift resulting from the action of a passenger turning his body to wave might put the motorcycle off balance and send it out of control. The court also received testimony that about two hours after the accident, and after appellant had received as much as 5,000 c.c.’s of fluid into his bloodstream, his blood alcohol level was 0.03.
The question of what conduct constitutes culpable negligence under Section 782.07, Florida Statutes, has been addressed by Mr. Justice Drew in Miller v. State, 75 So.2d 312 (Fla. 1954), and cited with approval by Mr. Justice Sundberg in Filmon v. State, 336 So.2d 586 (Fla. 1976).
“The culpable conduct necessary to sustain proof of manslaughter under Section 782.07, supra, ‘must be of “a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.” ’ ”
Inasmuch as each case involving proof of culpable negligence must be determined according to its particular circumstances, we apply the criteria in Filmon, supra, and note that appellant:
1. had been drinking with friends pri- or to the accident;
2. was operating a motor vehicle without a license but not in a careless manner when stopped by police earlier in the evening;
3. followed an automobile with emergency flashers activated on the way home;
4. proceeded to a point near his home at a speed below the limit;
5. accelerated to a speed of from 15 to 20 miles per hour over the speed limit immediately prior to the accident.
From these facts, it is clear that appellant’s conduct did not “evince a reckless disregard of human life” nor did it show an “entire want of care.” Thus, it did not rise to the level of reckless behavior demanded by the statute in order to constitute culpable negligence.
In view of the fact that the issue of the sufficiency of the evidence is dispositive of the cause, we do not address appellant’s second point on appeal.
The adjudication of delinquency is hereby reversed and appellant is discharged.
GRIMES, C. J., and DANAHY, J., concur.