511 So.2d 1116 (1987)
Daniel Tate BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1628.
District Court of Appeal of Florida, Second District.
September 4, 1987.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
The charges in this case arose out of an automobile accident in which appellant was driving his car and his wife was a passenger. His wife died in the accident. No other persons or vehicles were involved. Appellant was charged with DWI manslaughter, vehicular homicide and manslaughter by act or by culpable negligence (manslaughter). After the presentation of evidence, the jury deliberated and returned a verdict of guilty of vehicular homicide and guilty of manslaughter. Appellant filed a motion in arrest of judgment as to the vehicular homicide count, arguing that there was only one death and that vehicular homicide is a lesser included offense of manslaughter. The trial court granted the motion, adjudicated appellant guilty of manslaughter and sentenced him to five years' imprisonment. This appeal challenges the sufficiency of the evidence in support of the conviction of manslaughter.
The evidence in support of the manslaughter conviction is as follows. Appellant was driving his automobile south on Orange Grove Boulevard in North Fort Myers at approximately 6:00 p.m. It was still daylight and the road was dry. Orange Grove Boulevard is a four-lane road with a ten-foot-wide grass median. The section of Orange Grove upon which appellant was traveling was in a residential area. The posted speed limit was 30 m.p.h. Witnesses and an accident reconstruction specialist testified appellant was traveling at approximately 40-60 m.p.h. Appellant suddenly applied the brakes of the vehicle, skidded down the road and then veered into the median where the automobile struck some palm trees. Appellant's wife was killed instantaneously. Appellant was taken to a hospital, where a blood sample was taken from him. The blood sample showed that appellant had been drinking.[1]
*1117 Since the jury acquitted him of DWI manslaughter, appellant argues that speeding plus mere drinking alcoholic beverages does not constitute culpable negligence, citing McCreary v. State, 371 So.2d 1024 (Fla. 1979); R.C.G. v. State, 362 So.2d 166 (Fla. 2d DCA 1978); Day v. State, 154 So.2d 340 (Fla. 2d DCA 1963); and Jackson v. State, 100 So.2d 839 (Fla. 1st DCA 1958). These cases, and others not cited, "stand for the proposition that excessive speed alone, ... coupled with evidence of intoxication, is not sufficient to constitute culpable negligence under our criminal statute." Filmon, 336 So.2d at 590. Needless to say, the decisions of the Supreme Court of Florida and the prior decisions of this court are stare decisis: we must abide by and adhere to prior case law. The state argues that the fact appellant was driving in a residential area in the late afternoon raises appellant's actions to the level of culpable negligence, and argues that the amount of evidence in this case matches the amount of evidence found sufficient in Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974). In Phillips, the defendant tried to demonstrate to a passenger the abilities of his "souped up" Dodge "Super Bee" on a rain-wet street. The passenger died from the injuries sustained in the accident when the defendant lost control of the automobile. The defendant testified that his car was almost a dragster, but could still be driven on the streets. He also testified that he frequented drag races and knew that dragsters are not run even if it drizzles because they lose control. This court compared the defendant's actions with driving down a bumpy road with a hairtriggered pistol in his lap pointed at the passenger. The facts in Phillips are much more compelling in support of a finding of culpable negligence than the facts in the case now before us.
In most cases, a residential area in the late afternoon would entail narrower streets, a low speed limit, children playing, parked cars and other possible obstructions, distractions or restrictions. A close reading of the complete record in this case presents us with absolutely no evidence of any of these factors except the 30 m.p.h. speed limit. Thus, the only factor that distinguished the area as a residential area at the time of this accident was the speed limit. Returning to the standard quoted above from Filmon, "excessive speed" clearly takes into consideration the speed limit: absent distractions, obstructions or adverse weather conditions, appellant's speed would not be "excessive" but for the lower speed limit.
We hold the evidence presented at trial in this case was insufficient as a matter of law to constitute manslaughter by culpable negligence. The state further argues that manslaughter was charged in the alternative, so the jury could have found appellant guilty of manslaughter by act. Manslaughter by act requires an element of intent. Taylor v. State, 444 So.2d 931, 934 (Fla. 1984). Intent was neither alleged nor proven in this case.
Appellant's second point on appeal goes to the jury verdict of guilty of vehicular homicide. This point was rendered moot by the trial court's order granting appellant's motion in arrest of judgment. Accordingly, we do not address it. We note in closing that the procedural posture of this case limited our analysis of the sufficiency of the evidence to the manslaughter charge. Appellant was acquitted of DWI manslaughter, a lesser included offense of manslaughter, by the jury. The jury verdict of guilty of vehicular homicide, also a lesser included offense of manslaughter, was vacated and set aside by the trial court. Both lesser included offenses appeared to have ample record support, but due process prevents us from revisiting those actions.
We reverse and vacate appellant's conviction of and sentence for manslaughter and *1118 remand the case with instructions that appellant be discharged.
Reversed.
HALL and THREADGILL, JJ., concur.
NOTES
[1] Because the jury, after its deliberation, acquitted appellant of DWI manslaughter, the evidence presented that appellant was legally intoxicated can no longer be considered by a jury or by the courts. That evidence must be discounted: the evidence that appellant was legally intoxicated must be viewed as evidence that appellant was all but drunk. See Filmon v. State, 336 So.2d 586 (Fla. 1976), cert. denied, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977); Hamilton v. State, 152 So.2d 793 (Fla. 2d DCA), cert. denied, 156 So.2d 388 (Fla. 1963); Penton v. State, 114 So.2d 381 (Fla. 2d DCA), cert. denied, 116 So.2d 776 (Fla. 1959).