CAMPBELL, Judge.
Appellant challenges the sufficiency of the evidence presented to convict him of manslaughter. The charges resulted from an automobile accident in which three people died.
Appellant contends that proof of excessive speed alone is not sufficient to prove the culpable negligence necessary to sustain a manslaughter conviction. Appellant relies chiefly on Johnson v. State, 92 So.2d 651 (Fla.1957) and Filmon v. State, 336 So.2d 586 (Fla.1976), cert. denied, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977), reh. denied, 431 U.S. 960, 97 S.Ct. 2689, 53 L.Ed.2d 279 (1977). The holding in Johnson, however, is actually the “flip-side” of appellant’s argument that speed alone is insufficient. The Johnson court stated: “It cannot be stated as an absolute rule that speed alone cannot amount to manslaughter. Too much depends on the attendant circumstances.” 92 So.2d at 653. Likewise, in Filmon, 336 So.2d at 590, the court talks of the “totality of the circumstances surrounding the incident....”
We conclude in this case that there were sufficient other circumstances and conduct by appellant, other than speed, to support the conviction for manslaughter. This case is clearly distinguishable from Brown v. State, 511 So.2d 1116 (Fla. 2d DCA 1987) where this court found “the complete record in this case presents us with absolutely no evidence of any of these factors except the 30 m.p.h. speed limit.”
Affirmed.
DANAHY, C.J., and HALL, J., concur.